

**FILED**

Mar 24 2016, 9:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
David E. Corey
Deputy's Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of: | March 24, 2016 |
| D.W. (Minor Child), | Court of Appeals Cause No. 45A03-1507-JC-842 |
| and, | Appeal from the Lake Superior Court |
| T.W. (Mother), | The Honorable John M. Sedia, Judge |
| *Appellant-Respondent,* | Trial Court Cause No. 45D06-1112-JC-1023 |
| v. | |
| The Indiana Department of Child Services, | |
| *Appellee-Petitioner.* | |

**Barnes, Judge.**

# Case Summary

T.W. ("Mother") appeals the trial court's order terminating her visitation with D.W. and denying her motion to modify the permanency plan in a CHINS action. We dismiss.

# Issue

We address one dispositive issue, which we restate as whether the trial court's order is a final judgment.

# Facts

D.W. was born to Mother in August 2008. In December 2011, the Department of Child Services ("DCS") filed a petition alleging that D.W. was a child in need of services ("CHINS") because Mother was arrested and charged with "four felony counts of criminal confinement; 2 felony counts of battery and 6 felony counts of neglect of a dependent."[1] App. p. 26. The charges apparently related to another of Mother's children. D.W. was placed in foster care. In February 2012, the trial court found that D.W. was a CHINS.

Visitation between Mother and D.W. was suspended in November 2012. In February 2013, the trial court changed the permanency plan to termination of

---

[1] DCS also filed a petition alleging that J.G., D.W.'s older sibling, was a CHINS. This appeal concerns only D.W.

parental rights. In December 2013, the trial court held a permanency review hearing, and the plan remained termination of Mother's parental rights to D.W.

[5] In January 2014, Mother filed a motion for modification of the permanency plan, for reinstatement of her visitation, and for a bonding assessment. After multiple hearings on pending issues, including Mother's motion for modification, the trial court entered an order in June 2015 denying Mother's motion to modify the permanency plan, granting DCS's motion to discontinue visitation, ordering that all parenting time between Mother and D.W. cease, and ordering counsel to coordinate with the trial court regarding a hearing on DCS's petition to terminate Mother's parental rights.[2]

[6] In July 2015, Mother filed a notice of appeal and indicated that the appeal was interlocutory pursuant to Indiana Appellate Rule 14(B)(3). Mother amended her notice of appeal in September 2015 and indicated that she was appealing a final judgment.

## Analysis

[7] Mother appeals the trial court's order, charactering it as a final, appealable order. In response, DCS argues that we should dismiss this appeal for lack of subject matter jurisdiction. This court's authority to exercise appellate jurisdiction is generally limited to appeals from final judgments, certain

---

[2] In April 2013, the trial court authorized DCS to file a petition to terminate Mother's parental rights. DCS apparently filed a petition to terminate Mother's parental rights, but we were not provided with information on that filing.

interlocutory orders, and agency decisions. *In re K.F.*, 797 N.E.2d 310, 314 (Ind. Ct. App. 2003); Ind. Appellate Rule 5. Mother makes no argument that the trial court's order qualifies as an appealable interlocutory order pursuant to Indiana Appellate Rule 14 or that this is an agency decision. Rather, Mother argues that the trial court's order was a final judgment.

[8]     Under Indiana Appellate Rule 2(H),

> A judgment is a final judgment if:
>
> (1)     it disposes of all claims as to all parties;
>
> (2)     the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;
>
> (3)     it is deemed final under Trial Rule 60(C);
>
> (4)     it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or
>
> (5)     it is otherwise deemed final by law.

The trial court's order, however, does not meet any of these qualifications. In fact, we have held under similar circumstances that such orders are not final appealable judgments. *See In re K.F.*, 797 N.E.2d 310, 314-15 (Ind. Ct. App.

2003) (holding that a permanency plan in a CHINS action is not a final judgment).

[9] Despite the lack of a final, appealable judgment, Mother argues that we should address her appeal based on *In re E.W.*, 26 N.E.3d 1006 (Ind. Ct. App. 2015). There, a mother appealed the trial court's order ceasing all visitation between her and her child in a CHINS action. We addressed mother's appeal even though the trial court's order did not seem to qualify as a final judgment. The teenaged child's permanency plan had been changed to "another planned permanent living arrangement" ("APPLA"). *E.W.*, 26 N.E.3d at 1008. We noted:

> The practical effect of a change of plan to APPLA is that Child will remain a ward of the State until she reaches the age of majority. She will either remain in foster care or live in a facility or group home, and she will continue to receive the treatment and services she needs. Her CHINS case will remain open until she turns eighteen

*Id.* at 1009. We concluded that, "[b]y ordering that all contact between Mother and Child cease, the trial court is effectively ending that relationship until Child is a legal adult, at which time it will be her choice to resume contact with Mother." *Id.* Consequently, we determined that "[w]hether or not this is technically a final judgment, it certainly operates as one." *Id.* As a result, we addressed the mother's arguments.

[10] *E.W.* is distinguishable from this case. As the State points out, "*E.W.* was a case where termination of parental rights was not likely to ever be raised

because the permanency plan for that child was APPLA." Appellee's Br. p. 25. D.W. is much younger than the child in *E.W.*, and APPLA was not part of the permanency plan here. Consequently, we conclude that *E.W.* is inapplicable. Because the trial court's order is not a final judgment, we lack subject matter jurisdiction over Mother's appeal. *See Ramsey v. Moore*, 959 N.E.2d 246, 253-54 (Ind. 2012) (holding that our supreme court lacked subject matter jurisdiction where the appealed order was not a final judgment). We dismiss this appeal.

## Conclusion

[11] We dismiss Mother's appeal for lack of subject matter jurisdiction.

[12] Dismissed.

Vaidik, C.J., and Mathias, J., concur.