**OPINION**



FILED

Nov 15 2016, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Carolyn J. Nichols
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
James D. Boyer
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of Tr.S. and N.S. (Minor Children) and To.S. (Mother); | November 15, 2016 |
| | Court of Appeals Case No. 29A02-1603-JC-680 |
| To.S. (Mother), | Appeal from the Hamilton Circuit Court |
| *Appellant-Respondent,* | |
| v. | The Honorable Paul A. Felix, Judge |
| | The Honorable Todd L. Ruetz, Magistrate |
| The Indiana Department of Child Services, | Trial Court Cause Nos. |
| *Appellee-Petitioner.* | 29C01-1412-JC-1444 |
| | 29C01-1412-JC-1445 |
| | 29C01-1412-JC-1446 |
| | 29C01-1412-JC-1447 |

**May, Judge.**

[1]     To.S. ("Mother") appeals the trial court's Order Approving Permanency Plan and On Review Hearing,[1] which suspended parent-child visitation and other reunification services, modified the previous dispositional order, and changed the permanency plan for Mother's two youngest children, Tr.S. and N.S. ("Children"). She raises two issues on appeal, one of which we find dispositive: whether the trial court's order modifying the permanency plan is an appealable final order. Because we conclude the order is not an appealable final judgment, we dismiss.

## Facts and Procedural History

[2]     Mother and Z.S. ("Father")[2] are the parents of Tr.S. and N.S., born March 4, 2012, and June 5, 2013, respectively.[3] In November 2014, Mother and Father were arrested for heroin possession and drug use. The Department of Child Services ("DCS") became involved and removed Children from the home on December 1, 2014. On December 4, 2014, DCS filed petitions alleging Children were Children in Need of Services ("CHINS"). After a fact-finding

---

[1] The trial court issued, and Mother appeals, two separate, but identical Orders, each issued with regard to one of Children. For purposes of this opinion, we will refer to the Orders as one order.

[2] Father does not participate in this appeal.

[3] Mother has two other children, M.H. and B.S., from fathers different than Z.S. At the time of this appeal, M.H. was in her maternal grandmother's custody and B.S. was in his biological father's custody. On February 11, 2016, the trial court ordered M.H. to remain in her grandmother's custody and B.S. to remain in his father's custody, with concurrent plans of reunification with Mother for both M.H. and B.S. Mother does not challenge, in this appeal, the trial court's orders with respect to M.H. and B.S. (Appellant's Br. at 10.)

hearing at which Mother admitted routine illegal drug use, the court adjudicated Children as CHINS. On August 10, 2015, the court entered a Dispositional Order requiring Mother and Father to participate in reunification services. Mother was required to participate in individual therapy, substance abuse assessments, random urinalysis, and home based case management services. Additionally, Mother was permitted weekly supervised visitation with Children.

[3] On November 18, 2015, DCS filed a Motion to Suspend Visitation between Mother and Children, alleging Children were having negative reactions to visitation with Mother. On December 28, 2015, the court held a fact-finding hearing regarding DCS's request to suspend visitation. DCS's family case manager and Children's therapist testified at the hearing. Children's therapist testified N.S. was not eating and Tr.S. was "expressing fear" after a visit with Mother. (Tr. at 46.) Children's therapist recommended visitation be suspended. The court suspended visitation.

[4] On February 11, 2016, the trial court held a Permanency Hearing. It found Mother had not complied with the Dispositional Order. It further found visitation between Mother and Children should remain suspended and, in the best interests of Children, DCS should initiate proceedings for termination of the parent-child relationship. Additionally, the court ordered DCS was no longer required to provide reunification services to Mother, with the exception of random drug screens. The court then ordered the permanency plan for Children changed from reunification to termination of the parent-child

relationship and subsequent adoption. The order stated, "[t]he projected date for finalization of [Children's] permanency plan is July 31, 2016." (App. Vol. II at 33.) The court set the case for a Permanency and Review Hearing on August 11, 2016.

# Discussion and Decision

[5] Mother appeals the trial court's February 11, 2016, order. She contends we should characterize the order as a final, appealable order. In response, DCS argues we should dismiss this appeal for lack of subject matter jurisdiction.

[6] Our authority to exercise appellate jurisdiction is generally limited to appeals from final judgments, certain interlocutory orders, and agency decisions. *In re D.W.,* 52 N.E.3d 839, 841 (Ind. Ct. App. 2016), *trans. denied*; *see also* Ind. Appellate Rule 5 (defining cases over which Court of Appeals has jurisdiction). Here, Mother argues we should consider her appeal "on the merits as a direct appeal from a final judgment." (Appellant's Br. at 6.)

[7] Under Indiana Appellate Rule 2(H), a judgment is final if:

> (1) it disposes of all claims as to all parties;
>
> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;
>
> (3) it is deemed final under Trial Rule 60(C);

> (4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or
>
> (5) it is otherwise deemed final by law.

[8]     The trial court's February 11, 2016, order meets none of the above requirements. We have repeatedly held such orders are not final appealable orders. *See In re D.W.,* 52 N.E.3d at 841 (holding an order denying a mother's motion for modification of a permanency plan is not a final appealable judgment);[4] *In re K.F.*, 797 N.E.2d 310, 315 (Ind. Ct. App. 2003) (holding a permanency plan ordering case to proceed with termination of parental rights was not a final judgment).[5]

[9]     Mother is essentially appealing the denial of reunification services. She states she "believes she is required to request needed reunification services at the earliest opportunity during the CHINS proceeding, or risk permanent waiver of her request for continuing and additional services." (Appellant's Br. at 16.) She contends the issue "will not be available for review in a subsequent appeal from the involuntary termination of her parental rights." (*Id.* at 24.) Mother is correct that failure to provide services cannot serve as a basis for later attacking a termination order. *See In re J.W., Jr.*, 27 N.E.3d 1185, 1190 (Ind. Ct. App.

---

[4] At the outset of this argument, Mother claims *D.W.* should not be given precedential value in her appeal because her "appellate process was already underway before the decision in *In re D.W.* was issued." (Appellant's Br. at 25.) This argument is without merit because *D.W.* did not create new law; it simply applied the long-standing rule of *In re K.F.*, 797 N.E.2d 310, 315 (Ind. Ct. App. 2003).

[5] Mother urges us to rely on *In re E.W.,* 26 N.E.3d 1006 (Ind. Ct. App. 2015), but it is distinguishable for reasons explained in *D.W.*, 52 N.E.3d at 841, and we decline to revisit that analysis.

2015) (noting requirement for DCS to provide reasonable services was not a requisite element of parental rights termination statute and DCS's failure to provide services could not serve as basis to attack termination order), *trans. denied*. However, Mother could challenge the trial court's decision to terminate reunification services by filing an interlocutory appeal.[6]

[10] Indiana Appellate Rule 14(B) outlines the certification procedure for parties pursuing an appeal from an interlocutory order. It describes the time for filing a motion requesting certification of an interlocutory order, content of the motion, and grounds for granting interlocutory appeals. Ind. Appellate Rule 14(B)(1)(a)-(c). Indeed, Rule 14(B)(1)(c)(iii) contemplates the very situation Mother describes: that "the remedy by appeal is otherwise inadequate." Because Rule 14(B) provides Mother an opportunity to bring her case before us properly, we decline to adopt her reasoning to consider this order a final judgment. (*See* Appellant's Br. at 15 ("Mother repeats her concern that if she is not afforded the opportunity to appeal the court's decision to withhold requested services, that this important right may forever be lost and may not be available for later review.").)

---

[6] Mother claims the trial court ordered her to file a Notice of Appeal and "counsel was not ordered to 'pursue a discretionary interlocutory appeal.'" (Appellant's Br. at 25.) Appellate Rule 9 outlines the different procedures for initiating appeals. Listed within Rule 9 are both appeals from final judgments and interlocutory appeals. It is counsel's role, not the trial court's, to assess and determine the appropriate course of action for pursuing an appeal under Rule 9.

[11] Nor do we find any merit in Mother's assertion that filing an interlocutory appeal is unreasonable to expect of parties because it requires counsel to make a "difficult decision." (*Id.* at 21.) Mother argues appellants need more than thirty days to examine the record and "make informed, sound decisions regarding the issues to be raised on appeal, and on the propriety of pursuing interlocutory certification over a blind, hasty filing of a Notice of Appeal." (*Id.* at 29.) We disagree that an appellant would need to undergo such an analysis to file a notice of appeal. An appellant merely needs to determine what kind of order he or she is appealing – a final judgment or an interlocutory order – and proceed accordingly under Indiana Appellate Rule 9(A). If an appellant is unsure, he or she could err on the side of caution and request certification. We therefore are not persuaded by Mother's claim that determining what type of appeal to file is a difficult decision requiring more than thirty days.[7]

---

[7] Mother also argues for a change in the law. Mother contends "the decisions in *In re K.F.* and *In re D.W.* should not be permitted to conflict with the parents' right to receive and request appropriate reunification services" and therefore *K.F.* and *D.W.* "should be modified or overruled." (Appellant's Br. at 31-32.) She reasons "[i]f parents are required to seek out and request reunification services, parents must also have the right to immediate appellate review, in the event such requests are denied." (*Id.* at 32.) Furthermore, she contends in light of DCS's right to certain expedited interlocutory appeals under Indiana Appellate Rule 14.1, "there must be a corresponding right of a parent" to file similar appeals. (*Id.* at 32-33). To the extent Mother wants a change of the controlling statutes or appellate rule, that is not our function. *See Moore v. State*, 949 N.E.2d 343, 345 (Ind. 2011) ("The judicial function is to apply the laws as enacted by the legislature."); *T.B. v. Indiana Dep't of Child Servs.*, 971 N.E.2d 104, 110 (Ind. Ct. App. 2012) ("It is not the proper function of this court to ignore the clear language of a statute and, in effect, rewrite the statute in order to render it consistent with a particular view of sound public policy."), *trans. denied*. Mother's argument she "must also have access to immediate appellate review," (Appellant's Br. at 32), should have been made in a motion for certification of an interlocutory appeal. This argument is not grounds for characterizing the trial court's order as a final, appealable order.

[12]   We agree with DCS that Mother is essentially "pre-appealing" a possible judgment terminating her parental rights. (Appellee's Br. at 9.) As DCS correctly points out, at the time of this appeal, Mother still had the full opportunity to seek services and demonstrate to the trial court at her next hearing that she was making progress.

[13]   Because Mother has not followed the proper procedure to seek a discretionary interlocutory appeal, we lack subject matter jurisdiction. Accordingly, we dismiss. *See K.F.,* 797 N.E.2d at 315 (finding Court of Appeals lacked jurisdiction where parents appealed from permanency plan order without proceeding under Indiana Appellate Rule 14).

[14]   Dismissed.

Kirsch, J., and Crone, J., concur.