# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 04 2019, 8:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| APPELLANT PRO SE | ATTORNEYS FOR APPELLEES |
| Curtis Jackson<br>Branchville, Indiana | Christopher D. Cody<br>Georgianna Q. Tutwiler<br>Hume Smith Geddes Green &<br>Simmons, LLP<br>Indianapolis, Indiana |

## I N   T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Curtis Jackson,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Aramark Food Services[1] and<br>Mike Church,<br>*Appellees-Respondents* | April 4, 2019<br><br>Court of Appeals Case No.<br>18A-CT-1584<br><br>Appeal from the Madison Circuit<br>Court<br><br>The Honorable Mark Dudley,<br>Judge<br><br>Trial Court Cause No.<br>48C06-1701-CT-16 |

---

[1] Jackson incorrectly identified the Aramark entity as "Aramark Food Services." The actual business entity is "Aramark Correctional Services, LLC."

**May, Judge.**

[1] Curtis Jackson appeals the denial of his motion to enforce order of judgment. Because we do not have jurisdiction over his appeal, we dismiss.

# Facts and Procedural History

[2] On January 31, 2017, Jackson filed a complaint against Aramark Correctional Services, LLC ("Aramark"); Dushan Zatecky, the Superintendent at Pendleton Correctional Facility; and Mike Church, an Aramark employee. The complaint alleged Jackson was injured while transporting breakfast trays on the icy sidewalk. Aramark did not receive service of this claim because Jackson sent notice to the wrong address. Jackson served Zatecky and Church at the Pendleton Correctional Facility.

[3] On February 22, 2017, Zatecky filed a motion to dismiss, and the trial court granted the motion to dismiss Jackson's claim against Zatecky on March 27, 2017. On June 16, 2017, Jackson sent an alias summons to Aramark. Someone at the Marion County Jail, which is located at the address listed on the alias summons, accepted the notice. On September 5, 2017, Jackson filed a motion for default judgment, arguing he was entitled to default judgment because Aramark had not responded to his complaint. The trial court denied Jackson's motion the next day.

[4] On October 2, 2017, Jackson filed a motion for summary judgment against Aramark. The trial court denied Jackson's motion on November 27, 2017. On

February 14, 2018, Jackson filed another motion for summary judgment against Aramark, alleging he was entitled to summary judgment because Aramark had not responded to his complaint. Thus, he claimed, there were no issues of material fact and he was entitled to judgment as a matter of law. The trial court granted Jackson's motion for summary judgment against Aramark on April 20, 2018.

On June 6, 2018, Jackson filed a motion to enforce order of judgment, alleging that the trial court had awarded him $150,000 in damages and $162.00 in costs. On June 8, 2018, the trial court denied his motion to enforce order of judgment because the trial court's grant of summary judgment did not address damages. This appeal ensued.

# Discussion and Decision[2]

Our authority to exercise appellate jurisdiction is generally limited to appeals from final judgments, certain interlocutory orders, and agency decisions. *In re D.W.*, 52 N.E.3d 839, 841 (Ind. Ct. App. 2016), *trans. denied*; *see also* Ind. Appellate Rule 5 (defining cases over which Court of Appeals has jurisdiction). Under Indiana Appellate Rule 2(H), a judgment is final if:

---

[2] As an initial matter, we note Jackson proceeds *pro se*. It is well settled that *pro se* litigants are held to the same standards as licensed attorneys and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

(1) it disposes of all claims as to all parties;

(2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

(3) it is deemed final under Trial Rule 60(C);

(4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5) it is otherwise deemed final by law.

[7] Here, Jackson's motion to enforce judgment was based on the trial court's summary judgment order addressing the issues as to Aramark, but not Mike Church. In his motion for summary judgment, Jackson stated he "respectfully asks this Honorable Court for Summary Judgment, against Defendant Aramark[.]" (App. Vol. II at 26) (errors in original). The trial court's order indicated it granted summary judgment "against Aramark[.]" (*Id*. at 28.)

[8] Because the summary judgment order does not address Jackson's claims against Church, it is not a final order under Indiana Appellate Rule 2(H)(1). Jackson has not argued the order meets any other requirements of a final appealable order. Finally, the order does not involve a situation under which our rules allow an interlocutory appeal of right under Indiana Appellate Rule 14(A). Nor

was it certified for interlocutory appeal under Indiana Appellate Rule 14(B). Thus, we do not have jurisdiction over the matter.[3] *See Bueter v. Brinkman*, 776 N.E.2d 910, 912-3 (Ind. Ct. App. 2002) (appellate court does not have jurisdiction over appeal because appealed order was not a final judgment or an appealable interlocutory order); *see also Town of Ellettsville v. Despirito*, 87 N.E.3d 9 (Ind. 2017) ("in the overwhelming majority of cases, the proper course for an appellate court to take where it finds appellate jurisdiction lacking is simply to dismiss the appeal").

## Conclusion

We do not have jurisdiction over Jackson's appeal because it stems from an order that is not final and is not appropriate for interlocutory review. Accordingly, we dismiss.

Dismissed.

Baker, J., and Tavitas, J., concur.

---

[3] Aramark filed a motion to dismiss based on the same grounds addressed in this opinion. Thus, we contemporaneously deny Aramark's motion to dismiss as moot.