**Donita J. HAYDEN; Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A04–0202–CR–85.

Court of Appeals of Indiana.

July 16, 2002.

Alan K. Wilson, Muncie, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Scott A. Kreider, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### *STATEMENT OF THE CASE*

Defendant–Appellant Donita J. Hayden appeals the assessment of certain costs after she entered a plea of guilty to forgery, a Class C felony (Ind.Code § 35–43–5–2(1)).

We affirm.

### *ISSUE*

Hayden raises one issue for our review, which we restate as: whether the assessment of costs pursuant to statutes that were not in effect on the date the offense was committed constitutes a violation of the ex post facto provisions of the state and federal constitutions.

### *FACTS AND PROCEDURAL HISTORY*

On October 3, 2001, the State filed an information alleging that Hayden had committed five forgeries. Each count alleged that the offense occurred "on or about May 8, 2000." Hayden subsequently entered a guilty plea to one count of forgery, and on December 13, 2001, the trial court sentenced Hayden to a period of incarceration of four years, with two years suspended. The trial court ordered that Hayden be placed on probation for a period of two years following her term of incarceration, that Hayden serve two hundred hours of community service, and that she pay restitution. The trial court assessed $129.00 in court costs. This assessment included a

two dollar document storage fee pursuant to Ind.Code § 33–19–6–18.1 and a two. dollar automated record keeping fee pursuant to Ind.Code § 33–19–6–19. These statutes became effective on July 1, 2001.

## DISCUSSION AND DECISION

Hayden alleges that the trial court erred in assessing fees under statutes that did not take effect until after she committed the offense to which she entered a guilty plea. Specifically, Hayden alleges that the assessment of fees under Ind.Code § 33–19–6–18.1 and Ind.Code § 33–19–6–19 constitutes a violation of the provisions of the Indiana and United States Constitutions which prohibit ex post facto laws. Article 1, § 24 of the Indiana Constitution provides that "[n]o ex post facto law, or law impairing the obligation of contracts, shall ever be passed." A similar provision is found in Article I, § 10, clause 1 of the United States Constitution. The analysis is the same for both provisions. *Teer v. State,* 738 N.E.2d 283, 287 (Ind.Ct.App. 2000), *trans. denied.*

An ex post facto law is one which imposes a punishment for an act not punishable at the time it was committed, or which imposes punishment additional to that prescribed at the time the offense was committed. *Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). An inquiry focuses " 'not on whether a legislative change produces some sort of "disadvantage" ... but on whether any such change alters the definition of criminal conduct or increases a penalty by which a crime is punishable.' " *Teer,* 738 N.E.2d at 287 (quoting *California Department of Corrections v. Morales,* 514 U.S. 499, 506 n. 3, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995)). A constitutional provision regarding ex post facto laws seeks "to assure that legislative Acts give fair warning of their effect and permit individ-uals to rely on their meaning until explicitly changed." *Weaver, id.* The provision also restricts governmental power by restraining arbitrary and potentially vindictive legislation. *Id.*

The provision "does not give a criminal a right to be tried, in all respects, by the law in force when the crime charged was committed." *Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 2297, 53 L.Ed.2d 344 (1977) (quoting *Gibson v. Mississippi,* 162 U.S. 565, 16 S.Ct. 904, 910, 40 L.Ed. 1075 (1896)). The provision is not designed "to limit legislative control of remedies and modes of procedure which do not affect matters of substance." *Id.* (quoting *Beazell v. Ohio,* 269 U.S. 167, 46 S.Ct. 68, 69, 70 L.Ed. 216 (1925)). Even though it may work to the disadvantage of a defendant, a procedural change is not ex post facto. *Id.*

Our task is to determine whether the statutes authorizing the costs at issue are procedural or substantive for purposes of the ex post facto provisions of the Indiana and United States constitutions. Although there have been a number of Indiana cases interpreting these provisions, neither this court nor our supreme court have set forth a definition of "procedural" or "substantive" as these terms are used in relation to the provisions. Other states have done so, however, and we find the following definitions useful: "Procedural, adjective or remedial law is that portion of the law which prescribes *the method of enforcing a right or obtaining a redress* for the invasion of that right. Substantive law, on the other hand, is that portion of the law which *creates, defines and regulates rights.*" *State v. Fletcher,* 149 Ariz. 187, 717. P.2d 866, 870 (1986). (emphasis in original). As the United States Supreme Court stated in *DeVeau v. Braisted,* 363 U.S. 144, 80 S.Ct. 1146, 1155, 4 L.Ed.2d 1109 (1960), "[t]he question in

each case where unpleasant consequences are brought to bear upon an individual for prior conduct, is whether the legislative aim was to punish that individual for past activity, or whether the restriction of the individual comes about as a relevant incident to a regulation of a present situation...."

In *Taylor v. State Election Board of State of Indiana*, 616 N.E.2d 380 (Ind.Ct. App.1993), we recognized the difference between procedural and substantive provisions in finding that a statute was not ex post facto. In *Taylor*, the Appellant was disqualified from holding elected office under a statute which provided for disqualification if the person had been convicted of a felony. We held that it was not a violation of the ex post facto provisions to apply the statute even though the Appellant's convictions occurred nine years before the statute took effect. *Id.* at 384. We based our holding on our determination that "the aim of the disqualification is not punishment but is regulation of a present situation based upon trustworthiness." *Id.* (citing *Crampton v. O'Mara*, 193 Ind. 551, 139 N.E. 360 (1923), *appeal dismissed*, 267 U.S. 575, 45 S.Ct. 230, 69 L.Ed. 795 (1925)).

■ Ind.Code § 33–19–6–18.1 and Ind. Code § 33–19–6–19 do not make any substantive change to the criminal law. They do not add to the elements of any offense or alter the sentencing statutes. Furthermore, the statutes are not intended as an increase in a criminal punishment. Indeed, the statutes are included in Title 33 ("Courts and Court Officers"), not in Title 35 ("Criminal Law and Procedure"), and by their terms the statutes provide for the assessment of the fees in civil, as well as criminal, actions. The statutes serve a procedural function by providing the funding for document storage and automated record keeping in all types of cases. Given

these factors, we conclude that the application of the aforementioned statutes was not a violation of the ex post facto provisions of either the Indiana or the United States Constitutions.

Hayden cites *Bryant v. State*, 660 N.E.2d 290 (Ind.1995), *cert. denied*, 519 U.S. 926, 117 S.Ct. 293, 136 L.Ed.2d 213 (1996), in which our supreme court held that the imposition of the controlled substance income tax was a criminal punishment for double jeopardy purposes. She also cites *State v. Klein*, 702 N.E.2d 771 (Ind.Ct.App.1998), *trans. denied*, in which this court held that the forfeiture of an automobile used in the commission of a crime was a punishment for double jeopardy purposes. She argues that these cases lead to the conclusion that the document storage and automated record keeping fees in the present case are also criminal punishments. We disagree. The imposition of the controlled substance tax was determined to be a criminal punishment in *Bryant* because (1) its purpose was "at least partly towards deterrence"; (2) its purpose was punitive in nature, as illustrated by the fact that the tax was approximately ninety times the market value of the controlled substance; (3) its imposition was conditioned on the commission of a crime; and (4) its properties differed significantly from those of a normal excise tax. *Bryant*, 660 N.E.2d at 296. The forfeiture of the automobile was determined to be a punishment in *Klein* because "forfeiting Klein's vehicle served only the goals of punishment and served no remedial function ...." *Klein*, 702 N.E.2d at 774. The fees at issue in this case serve no deterrent or punitive function, and imposition is not conditioned on the commission of a criminal offense. Furthermore, the fees are applied in both civil and criminal actions for the remedial (procedural) pur-

pose of sustaining important court functions.[1]

Our holding is consistent with those of other jurisdictions which recognize that the retroactive application of purely remedial or procedural statutes does not violate state or federal constitutional prohibitions against ex post facto laws. *See e.g., State v. Anthony,* 816 P.2d 1377 (Alaska 1991) (holding that application of a statute making incarcerated felons ineligible for permanent fund dividends to felons convicted of crimes prior to the statute's effective date did not violate state or federal ex post facto provisions); *State v. Weinbrenner,* 164 Ariz. 592, 795 P.2d 235 (App.1990) (holding that application of a statute authorizing a fee for any time payment of a "penalty, fine, or sanction" was purely procedural in nature and did not impose any penalty upon defendant whose crimes were committed prior to effective date of statute). Furthermore, our holding is consistent with those of other jurisdictions that implicitly or explicitly applied the procedural/substantive distinction in concluding that the statute being challenged was punitive (substantive) in intent. *See e.g., People v. Stead,* 845 P.2d 1156 (Colo.1993) (holding that retroactive application of a criminal statute imposing a thousand dollar surcharge solely against persons convicted of certain drug-related offenses was ex post facto as a "punishment"); *State v. Yost,* 507 So.2d 1099 (Fla.1987) (holding that retroactive application of the portion of a statute denying accrual of "gain time" to prisoners who had not paid fees and court costs was ex post facto); *People v. Timmons,* 114 Ill.App.3d 861, 70 Ill.Dec.

762, 449 N.E.2d 1366 (1983) (holding that retroactive application of a statute imposing a "penalty assessment" against a defendant was ex post facto as it was punitive in nature); *State v. Davis,* 645 S.W.2d 160 (Mo.App.1983) (holding that retroactive application of a statute imposing a non-compensatory "judgment" against offenders, the non-payment of which resulted in revocation of probation, parole, or conditional release, was ex post facto); *Loomer v. Wyoming,* 768 P.2d 1042 (Wyo. 1989) (holding that the retroactive application of a statute imposing costs that "may be added and made a part of the sentence" was ex post facto).

## CONCLUSION

The trial court did not err in assessing the court fees set forth in Ind.Code § 33–19–6–18.1 and Ind.Code § 33–19–6–19.

Affirmed.

RILEY and BARNES, JJ., concur.

1. Hayden also cites *Cummings v. Missouri,* 71 U.S. (4 Wall.) 277, 18 L.Ed. 356 (1866) and *U.S. v. MacDonald,* 607 F.Supp. 1183 (E.D.N.C.1985) as examples of federal cases which held that civil penalties (disqualification in *Cummings* and forfeiture of book and media income in *MacDonald* ) constituted punishment under the ex post facto provisions of the United States Constitution. These cases, like *Bryant* and *Klein,* are distinguishable from the present case as the statutes in *Cummings* and *MacDonald* were punitive in intent, not remedial or procedural.