

FILED
Feb 27 2018, 8:41 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Peter S. Kovacs
Peter Kovacs Law PC
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Jeffrey M. Bellamy
Stephen R. Donham
Thrasher Buschmann & Voelkel, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Craig D. Severance and
Catherine Severance,

*Appellants-Defendants / Cross-Appellees,*

v.

The Pleasant View Homeowners
Association, Inc.,

*Appellee-Plaintiff / Cross-Appellant*

February 27, 2018

Court of Appeals Case No.
29A02-1708-PL-1695

Appeal from the Hamilton Superior
Court

The Honorable Jonathan M. Brown,
Judge

The Honorable Daniel J. Pfleging,
Judge

Trial Court Cause No.
29D02-1504-PL-2764

**Crone, Judge.**

The Pleasant View Homeowners Association, Inc. ("the HOA"), filed a complaint to enjoin Craig and Catherine Severance from using their residential lot in a manner inconsistent with Pleasant View subdivision's covenants and restrictions by parking commercial vehicles, limousines, on their lot or in the street in front of and adjacent to their home located in the subdivision. Following an evidentiary hearing, the trial court issued a preliminary injunction prohibiting the Severances from continuing to park the vehicles in such a manner. However, the trial court subsequently declined to enter a permanent injunction based upon the Severances' affirmative defense that the HOA lacked the authority to sue the Severances for an injunction because the HOA's board of directors was not properly constituted or operating in accordance with its own rules of corporate governance. The court set a future date for a hearing on the Severances' claimed damages.

Prior to the trial court's entry of a final judgment, the HOA directed the trial court to the passage of new statutory law regarding the governance of Indiana homeowners associations. The HOA claimed that the new law nullified the Severances' affirmative defense regarding the HOA's authority to seek an injunction. The trial court held a hearing and thereafter entered its final judgment determining that it could not reconsider its prior denial of the permanent injunction and that the Severances were entitled to no damages. The Severances now appeal the trial court's denial of their request for damages. The HOA cross-appeals the trial court's denial of its request for a permanent

injunction. Concluding that our resolution of the cross-appeal is dispositive, we reverse and remand to the trial court for further proceedings.

## Facts and Procedural History

[3] The HOA is an Indiana not-for-profit corporation with the primary purpose to manage the residential subdivision known as Pleasant View in Hamilton County. The Severances are the owners of record of a lot within that subdivision. The affairs of the HOA and its members are governed by three documents: (1) the Declaration of Covenants, Conditions and Restrictions for Pleasant View ("the Covenants and Restrictions"); (2) the Articles of Incorporation; and, (3) the By-Laws of the HOA ("the Bylaws"). The Covenants and Restrictions provide in relevant part,

> **Section 10.4. Parking and Prohibited Vehicles.**
> **(a) Parking.** Vehicles shall be parked only in the garages or on the driveways, if any, serving the Lots or in appropriate spaces or designated areas in which parking may be assigned and then subject to such reasonable rules and regulations as the Board may adopt. Garages shall be used for parking of vehicles and no other use or modification thereof shall be permitted which would reduce the number of vehicles which may be parked therein below the number for which the garage was originally developed. The [HOA] may designate certain on-street parking areas for visitors or guests subject to reasonable rules.
>
> ….
>
> **(b) Prohibited Vehicles.** Commercial vehicles, vehicles with commercial writing on their exteriors, [and] vehicles primarily used or designed for commercial purposes … shall be parked

only in enclosed garages or areas, if any, designated by the Board.

Appellants' App. Vol. 2 at 64-65.

[4] On April 6, 2015, the HOA filed a complaint for injunctive relief against the Severances alleging that the Severances operated a commercial limousine business at their lot and parked commercial vehicles on their lot or in the adjacent street in violation of the Covenants and Restrictions.[1] Following an evidentiary hearing, the trial court issued an order granting a preliminary injunction against the Severances. The court found that the Severances had violated the Covenants and Restrictions and enjoined them from parking their business vehicles in the subdivision unless stored indoors. The trial court ordered the HOA to maintain bond in the amount of $2500 to cover any estimated damages incurred by the Severances "to the extent of an entry of a wrongful preliminary injunction." *Id.* at 127. The court further stated, "[i]f this injunction is later deemed improper, [the HOA] and [the Severances] shall have an opportunity to dispute the proper amount of damages at that time." *Id.*

[5] On December 4 and 28, 2015, the Severances objected to the preliminary injunction based on alleged irregularities in the election and/or appointment of the HOA's board of directors. In sum, the Severances argued that the board of directors was without authority to exercise corporate power (including the

---

[1] The record indicates that the Severances own and operate Indy Limo Transport LLC.

power to sue for injunctive relief to enforce the Covenants and Restrictions) on behalf of the HOA. On January 15, 2016, the Severances made a similar argument by way of a counterclaim that was subsequently struck by the trial court on the HOA's motion. On March 16, 2016, the Severances filed a "Request for a Hearing to Rule on all Pretrial Evidence" again arguing that the board of directors was not properly constituted or operating within its own Bylaws. The trial court took no action on the request.

[6] On July 1, 2016, the HOA requested a permanent injunction hearing. An evidentiary hearing was held on August 4 and 31, 2016. On November 1, 2016, the trial court entered its findings of fact, conclusions thereon, and order declining to enter a permanent injunction. Specifically, the trial court incorporated its findings of fact and conclusions thereon supporting its order of preliminary injunction but then found and concluded in relevant part:

> 7. [The Severances] contend that the Directors of [the HOA] are not legitimate and therefore cannot exercise the powers and duties of [the HOA] because they were not installed according to [the HOA's] Bylaws.
>
> 8. The evidence received at the hearings support [the Severances'] contention….
>
> ….
>
> 11. In short, [the HOA] is clearly a dysfunctional entity because it has, and continues to operate outside of its Bylaws….
>
> 12. [The HOA] seems to have strayed significantly from the

language of the Bylaws. While the Directors' testimony at the Hearing describing the time and effort they devoted to ensuring the operation of [the HOA] was laudable, this does not make it legal according to the Bylaws. Volunteering is not a qualification by itself to assume the mantle of director. The Court recognizes the effort put forth [by the HOA], and [its] attempt in this situation to remedy a nuisance. The limousines being park[ed] on the streets of the subdivision merited the granting of the preliminary injunction and could have possibly resulted in a permanent injunction being issued, if there was a legally constituted Board of Directors.

….

13. Because the [HOA's] Board of Directors is not legitimate due to the Directors neither being properly elected nor properly appointed, they could not exercise the corporate powers found in the [Covenants and Restrictions], Articles of Incorporation, or Bylaws, including the power to file the instant lawsuit against the Severances seeking to enforce the [Covenants and Restrictions].

*Id*. at 195-97. Accordingly, the trial court ordered the preliminary injunction dissolved and declined to enter a permanent injunction. The trial court scheduled a damages hearing for a later date.

[7] Shortly thereafter, the HOA held a special meeting in an attempt to cure its corporate governance deficiencies. On December 1, 2016, the HOA filed a motion requesting the trial court to reconsider its denial of the permanent injunction. The HOA supported its motion with an affidavit informing the trial court that a properly constituted board of directors was now in place and that the HOA's membership had voted to ratify and approve all prior actions of the

board of directors, including institution of the current lawsuit. The trial court denied the motion on December 22, 2016.

[8] A damages hearing was held on February 9, 2017, during which the Severances argued that they were entitled to recover damages, specifically the attorney's fees they incurred in defending the injunction. Prior to the trial court issuing any ruling regarding damages, the HOA filed a "Notice of Emergency Change in Law and Request for Hearing" asking the trial court to reconsider its denial of the permanent injunction, this time based on the passage of new legislation, Indiana Code Section 32-25.5-3-11, regarding corporate governance for homeowners associations. The HOA argued that the new legislation nullified the Severances' affirmative defense regarding the HOA's authority to enforce the Covenants and Restrictions. The trial court held a final hearing and on June 5, 2017, issued an order reiterating its prior denial of the permanent injunction and further determining that the Severances were not entitled to recover damages. This appeal and cross-appeal ensued.

# Discussion and Decision

[9] Because we find it dispositive, we address only the HOA's cross-appeal challenging the trial court's denial of its request for a permanent injunction against the Severances based upon the trial court's conclusion that the HOA lacked the authority to enforce the Covenants and Restrictions due to

irregularities in how the board of directors was constituted.[2] Our review of the convoluted procedural history in this case reveals that, prior to the entry of its judgment on June 5, 2017, the trial court declined to entertain certain arguments advanced by the HOA or consider certain legal authority or evidence because the court genuinely believed that it could not "go back and reopen" and consider the merits of its November 2016[3] order denying the permanent injunction because that order was a final judgment. *Id.* at 19. This belief was mistaken.

[10] It has long been recognized that a final judgment disposes of all issues as to all parties, thereby ending the particular case and leaving nothing for future determination. *John C. & Maureen G. Osborne Revocable Family Tr. v. Town of Long Beach*, 78 N.E.3d 680, 692 (Ind. Ct. App. 2017) (citations and quotation marks omitted), *trans. denied*. Indiana Appellate Rule 2(H) formalizes this principle and "defines a judgment as a 'final judgment' if among other things, it disposes of all claims as to all parties or the trial court determines in writing that there is no just reason for delay and expressly directs entry of judgment" to fewer than all the claims or parties pursuant to Indiana Trial Rule 54(B) or 56(C). *Town of Ellettsville v. Despirito*, 87 N.E.3d 9, 11-12 (Ind. 2017). Contrary

---

[2] The Severances have filed a motion to dismiss the HOA's cross-appeal claiming that the trial court's November 2016 order dissolving the preliminary injunction and denying the HOA's request for a permanent injunction constituted a final appealable judgment, and that the HOA's failure to timely appeal that order has deprived this Court of jurisdiction to consider the HOA's challenge of that ruling. As we will explain further, we disagree with the Severances and deny their motion to dismiss by separate order issued contemporaneously with this decision.

[3] Although the trial court refers to the date of its order as October 28, 2016, the actual date is November 1, 2016.

to the trial court's belief, its November 2016 order was not a final judgment because it specifically reserved the issue of damages for future determination and did not otherwise expressly direct entry of judgment as to fewer than all the claims between these parties. No order of the trial court prior to the judgment issued on June 5, 2017, finally disposed of all claims as to all parties.[4]

[11] It is well settled that a trial court has inherent power to reconsider an order or ruling if the action remains *in fieri*, or pending resolution. *Pond v. Pond*, 700 N.E.2d 1130, 1135 (Ind. 1998). The trial court's June 2017 judgment contains erroneous findings and conclusions referencing the November 2016 ruling as a final appealable judgment, thus limiting the issues available for the trial court's consideration. A judgment is clearly erroneous "if it applies the wrong legal standard to properly found facts." *Johnson v. Wysocki*, 990 N.E.2d 456, 460 (Ind. 2013). Because much of the trial court's resolution of this case appears to be hinged on its mistaken belief that it was precluded from considering the merits of its prior order denying the permanent injunction, the appropriate remedy is to reverse the trial court's judgment and remand this case for an evidentiary hearing to consider the merits of issuing a permanent injunction

---

[4] Following the trial court's November 2016 order dissolving the preliminary injunction and declining to enter a permanent injunction against the Severances, the HOA filed what it called a "Motion to Correct Error or in the Alternative Motion to Reconsider." Appellants' App. Vol. 2 at 199. Regardless, because there was no final judgment, the HOA's self-styled motion was in fact a motion to reconsider and, contrary to the trial court's conclusion here, its subsequent ruling on that motion could not itself be considered a final judgment pursuant to Indiana Appellate Rule 2(H)(4). *Guardianship of Hurst*, No. 45A03-1612-GU-2790, 2018 WL 627290, at *2 (Jan. 31, 2018), *opinion on reh'g*; *see Snyder v. Snyder*, 62 N.E.3d 455, 458 (Ind. Ct. App. 2016) ("motions to correct error are proper only after the entry of final judgment; any such motion filed prior to the entry of final judgment must be viewed as a motion to reconsider).

against the Severances based on the facts and circumstances as they stand today and pursuant to current Indiana law.[5] Accordingly, we reverse the trial court's June 5, 2017 judgment and remand to the trial court for proceedings consistent with this opinion.

[12]     Reversed and remanded.

Robb, J., and Bradford, J., concur.

---

[5] On remand, we direct the trial court to consider Indiana Code Section 32-25.5-3-11, effective upon passage on April 12, 2017, which protects the authority of homeowners associations by preventing collateral attacks based upon specific board irregularities and nullifying affirmative defenses to covenant violations under certain circumstances.