

FILED

Jun 27 2019, 1:46 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-CT-382

## Cynthia Morrison, individually and on behalf of Ernest Morrison, deceased,

*Appellant (Plaintiff),*

–v–

## Ricardo Vasquez, M.D., et al.

*Appellee (Defendant).*

---

## Indiana University Health Southern Indiana Physicians, Inc., et al.,

*Appellants (Defendants),*

–v–

## Charlene Noel

*Appellee (Plaintiff).*

---

Argued: March 14, 2019 | Decided: June 27, 2019

Appeal from the Marion Superior Court
No. 49D10-1712-CT-46774
The Honorable David J. Dreyer, Judge

Appeal from the Marion Superior Court
No. 49D07-1802-CT-7520
The Honorable Michael D. Keele, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 18A-CT-376
No. 18A-CT-1299

---

**Opinion by Justice David**
Chief Justice Rush, Justice Massa and Justice Goff concur.
Justice Slaughter dissents with separate opinion.

**David, Justice.**

Both of the cases before us today present the same issue. That is, whether for the purposes of determining preferred venue pursuant to Trial Rule 75(A)(4), an organization with a location in the State of Indiana is considered to have a "principal office" at the address of its registered agent. Finding that a domestic organization's actual principal office and not the location of its registered agent is the appropriate preferred venue, we affirm the trial court in *Morrison* and reverse the trial court in *Noel*. Further, we hold that in light of new business corporation statutes, the location of the registered agent no longer determines preferred venue for either domestic or foreign corporations.

## Facts and Procedural History

In December 2017, Cynthia Morrison filed a complaint against various defendants for medical malpractice in Marion County. Some of those defendants filed a petition to transfer venue to Monroe County pursuant to Indiana Trial Rule 75(A) arguing that Marion County does not meet the preferred venue requirements. For her part, Morrison argued that Marion

County is a county of preferred venue because the registered agent of Bloomington Hospital, one of the defendants, is in Marion County. The trial court grant defendants' motion to transfer venue from Marion County, where IU Health has its registered agent, to Monroe County where defendant has its actual principal place of business. The Court of Appeals affirmed.

In February 2018, Charlene Noel also filed a medical malpractice action against several defendants in Marion County because the defendants' registered agents are located there. Defendants then filed a motion to transfer venue to Lawrence County where the alleged malpractice occurred. Here the trial court denied defendants' motion to transfer venue to Lawrence County, where defendant has its actual principal place of business, and instead, left the matter pending in Marion county, where IU Health has its registered agent. The Court of Appeals affirmed.

These two Court of Appeals opinions are in conflict with one another and we write a consolidated opinion regarding both to clear up the confusion.

## Standard of Review

Interpretation of our trial rules is a question of law that we review *de novo*. *State v. Holtsclaw*, 977 N.E.2d 348, 349 (Ind. 2012).

## Discussion

Indiana Trial Rule 75(A) provides a list of preferred venues for initiating a suit. One those is the "county where [ ] the principle office of a defendant organization is located." T.R. 75(A)(4). In 2006, this Court issued an opinion in *American Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 972 (Ind. 2006) determining, as a matter of first impression, that for domestic or foreign corporations doing business in Indiana, the principle office was its corporation's registered office in Indiana. However, while the introduction to the opinion discusses application of this rule to domestic corporations, the rest of the opinion addresses only its

application to foreign entities.  For instance, the opinion states: "we grant transfer to attempt to clarify the venue rules applicable to suits against foreign corporations. . ." *Id*. at 973.  And further, the discussion of the matter ends with: "We conclude that defendant Ford has a principal office in the state for venue purposes.  The same is true of all foreign corporations qualified to do business in Indiana in compliance with the Business Corporation Act." *Id.* at 975.  There's no mention or analysis with regard to domestic corporations aside from a brief mention of them in the beginning of the opinion.   Nevertheless, our Court of Appeals later addressed this issue in *CTB, Inc. v. Tunis*, 95 N.E.3d 185, 189 (Ind. Ct. App. 2018) with regard to domestic corporations and relying on *American Family*, applied the same rule, finding the registered agent address provided the county of preferred venue.

*American Family* and *CTB* were premised on business corporation law. Specifically, Indiana Code section 23-1-24-1 (2014), required each corporation to continuously maintain in Indiana a "registered office" and "registered agent" whose business office was identical to the registered office.  However, effective January 1, 2018, that section was repealed and new legislation promulgated.  *See* 2017 Ind. Acts 813, 898. Under the new legislation, "principal office" is defined as the "principal executive office of an entity, whether or not the office is located in Indiana."   Ind. Code § 23-0.5-1.5-29. Also, instead of requiring a registered office and registered agent with the same address, now entities doing business in Indiana are required to "designate and maintain a registered agent in this state." Ind. Code § 23-0.5-4-1.  Most notably, Indiana Code section 23-0.5-4-12 provides:

> The designation or maintenance in Indiana of a registered
> agent does not by itself create the basis for personal jurisdiction
> over the represented entity in Indiana.  The address of the
> agent does not determine venue in an action or a proceeding
> involving the entity.

The *CTB* panel acknowledged these revisions but declined to consider their impact, as neither party before the court argued that the revisions were applicable. *CTB*, 95 N.E.3d at 187.

In *Morrison*, the Court of Appeals found that the revisions discussed above came into play. That is, the court applied Indiana Code section 23-0.5-4-12 which provides that "[t]he address of the agent does not determine venue. . ." However, in *Noel*, the court found this statute conflicted with *American Family's* interpretation of Trial Rule 75 and therefore, it determined the statute was a nullity and ineffective.

Plaintiffs in both cases here argue that the rule set forth in *American Family*/*CTB* means that in their suits, Marion County is the preferred venue because that is where at least some of the defendants' registered agents are located. However, we decline to apply *American Family* to the facts and circumstances of these cases. As discussed above, *American Family* focused on foreign corporations. Because these corporations do not have a principal place of business in this State, it makes sense to use the office of the registered agent as a preferred venue. However, for domestic corporations this rule makes little sense. As defendants aptly point out, following this rule means that almost all corporations in Indiana would fall under Marion County as the preferred venue because this is where commonly used registered agent CT Corporation is located. *CTB* applied the rule from *American Family* to both domestic and foreign corporations without analysis about domestic corporations. Also, CTB's registered agent was in the same county as its physical office unlike the facts and circumstances here. Thus, we decline to apply *American Family* or *CTB* to the present cases, where the corporations at issue are domestic and the registered agent is in a different county than the actual principal executive office of the corporation.

Further, we find that the new statutes are applicable to both foreign and domestic corporations and that these statutes do not conflict with our trial rules. Trial Rule 75(A)(4) does not state anything regarding a registered agent; instead, it provides that the location of a "principal office" is a preferred venue. It is the definition of "principle office" that decides the outcome here. Pursuant to Indiana Code section 23-0.5-1.5-29,

a corporation's principle office is no longer tied to the registered agent for either domestic or a foreign corporations doing business in Indiana.  Also, Indiana Code section 23-0.5-4-12 provides that the registered agent location does not determine venue.  *American Family* was premised on statutory provisions that were not simply amended to change terminology: they have been completely repealed and replaced.  Accordingly, it is no longer controlling law.

Morrison argues that Indiana Code section 23-0.5-4-12 is ineffective because it is more stringent than the trial rules.  Trial Rule 75(D) provides, in relevant part:

> Any provision of these rules and any special or general statute relating to venue, the place of trial or the authority of the court to hear the case shall be subject to this rule, and the provisions of any statute fixing more stringent rules thereon shall be ineffective.

However, what Morrison is really arguing is that the new statute is more stringent than *American Family's* interpretation of the prior statutes.  As discussed above, *American Family* did not analyze the prior statutes with an eye towards domestic corporations and as such, even if the prior statutes were not repealed and replaced, *American Family* does not apply to domestic corporations.  Additionally, the trial rules provide that preferred venue lies (among other places), where the principle office of defendant is.  The statute does not preclude Morrison from filing in Monroe County where that principle office is.   Filing in Monroe County rather than Marion County is consistent with the purpose of our venue rules:

> Preferred venue is located in counties where information is readily available, where relevant land and personal property can be found, where witnesses can be easily brought to court, and where the litigants reside or hold office.  Reliable preferred venue rules increase judicial efficiency because a judge can focus on the merits of a dispute rather than its relocation to a

more convenient forum. Litigants likewise benefit from relative
certainty about the preferred forum and from the savings in
time and expense that such rules provide.

*Randolph County v. Chamness*, 879 N.E.2d 555, 557 (Ind. 2008).  Neither
Morrison nor Noel live in Marion County, the events at the root of either
litigation did not occur there and the defendant healthcare corporations
are not located there.[1]  The only tie to Marion county is the tie created by
the presence of the registered agent there.  This tie has nothing to do with
the rationale for the preferred venue rules.  The new statutes better define
principle office and provide for a preferred venue consistent with the
rationale for venue rules.

Finally, Morrison also argues the new statutes are not applicable to her
because she filed her complaint prior to its enactment.   She further argues
the statute is not retroactive. However, while Morrison may have filed her
complaint prior to the enactment, preferred venue was not determined by
the trial court until after enactment.[2] Additionally, even if we were to use
the date of filing, procedural statutes may be applied retroactively.  *Ind.
Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 385 (Ind. Ct. App. 2017).
Here, the statutes related to the determination of venue are procedural in
nature.   Procedural law is law that "prescribes the method of enforcing a
right or obtaining redress for invasion of that right."  *Hayden v. State*, 771
N.E.2d 100, 102 (Ind. Ct. App. 2002).  By contrast, substantive law "creates,
defines and regulates rights."  *Id*.  Here, the venue rules merely prescribe
the preferred location of filing.  They do not deprive Morrison of a right to
seek damages from the defendants but only govern where she may seek
redress.  Accordingly, the statute is procedural and applies to Morrison.

---

[1] In *Morrison*, one of the defendant physicians resides in Marion County, but works in Monroe
County.  Trial Rule 75(A)(1) provides for preferred venue where the "greater percentage" of
individual defendants reside. Such is not the case here.

[2] Morrison filed her complaint on December 1, 2017.  Ind. Code section 23-0.5-4-12 became
effective January 1, 2018.  *See* 2017 Ind. Acts 813, 898. Some of the defendants filed a motion to
transfer venue on January 17, 2019, and the court granted that motion on February 19, 2018.

# Conclusion

We hold that a domestic organization's actual principal office and not the location of its registered agent is the appropriate preferred venue. Further, we hold that in light of new business corporation statutes that define "principal office" and provide that the registered agent's location does not determine venue, the location of the registered agent no longer determines preferred venue for either domestic or foreign corporations. We affirm the trial court in *Morrison* and reverse the trial court in *Noel* and remand both for further proceedings.

Rush, C.J., Massa and Goff, JJ., concur.
Slaughter, J., dissents with separate opinion.

ATTORNEY FOR APPELLANT, CYNTHIA MORRISON

Mary A. Findling
Findling Park Conyers Woody & Sniderman, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES, RICARDO VASQUEZ, M.D. AND VASCULAR CENTER & VEIN CLINIC OF SOUTHERN INDIANA

Karl L. Mulvaney
Nana Quay-Smith
Bingham Greenebaum Doll, LLP
Indianapolis, Indiana

David S. Strite
Rachel K. Dalton
O'Bryan Brown & Toner, PLLC
Louisville, Kentucky

ATTORNEYS FOR APPELLANTS, INDIANA UNIVERSITY HEALTH
SOUTHERN INDIANA PHYSICIANS, INC., SARAH WHITEMAN,
NP, AND CARLITO SABANDAL, M.D.

James L. Whitlatch
Kathryn DeWeese
Bunger & Robertson
Bloomington, Indiana


ATTORNEYS FOR APPELLEE, CHARLENE NOEL

Sara A. Langer
Steven L. Langer
Langer & Langer
Valparaiso, Indiana


ATTORNEYS FOR AMICUS CURIAE, INDIANA TRIAL LAWYERS
ASSOCIATION

David L. Farnbauch
Sweeney Law Firm
Fort Wayne, Indiana

Diana C. Bauer
Bauer Legal LLC
Fort Wayne, Indiana

**Slaughter, J., dissenting.**

The Court holds that a defendant organization's "principal office" for preferred-venue purposes should be the county where it maintains its headquarters, not where its registered agent is located. As a policy matter, that outcome makes eminent sense to me, especially in light of recent changes to Indiana's business-organizations law. I am unable to join the Court's opinion, however, because the better way to effectuate that policy change is by formally amending our trial rules and not reinterpreting them by judicial fiat with retroactive application. But until that happens— until we amend our rules to provide for such change—I would continue to follow the understanding of "principal office" that has prevailed for nearly fifty years. On this record, that means both plaintiffs should be able to proceed with their respective suits in Marion County. Thus, I would affirm the trial court in *Noel* and reverse in *Morrison*.

Since 1970, litigants and lower courts have understood "principal office" in Trial Rule 75 to refer to the location of a defendant organization's registered agent. Years later, we reinforced this understanding in *American Family Insurance Company v. Ford Motor Company*, 857 N.E.2d 971 (Ind. 2006), in holding that Ford's principal office for venue purposes is Marion County because that is where its registered agent is located. Despite this longstanding application, the Court today reverses course. It says that *American Family* applied only to foreign corporations, as if "principal office" in Rule 75 means one thing for a domestic organization and something else for a foreign organization. That conclusion finds no support in the text of Rule 75 and is contrary to both the rationale of *American Family* and the opinion's opening words: "We hold that the term 'principal office' as used in subsections (4) and (10) of Trial Rule 75(A) refers to a **domestic or foreign** corporation's registered office in Indiana." *Id*. at 972 (emphasis added).

Nothing in Rule 75 compels today's decision. The rule nowhere says "principal office" means something different depending on an organization's foreign or domestic status. What prompts today's about-face, rather, is a 2018 legislative change that now defines "principal office" to refer to an organization's "principal executive office". Ind. Code § 23-

0.5-1.5-29. Elsewhere, the statute purports to dictate to us that the address of an organization's registered agent "does not determine venue in an action or a proceeding involving the [organization]." *Id*. § 23-0.5-4-12.

As we have long held, our rules governing the practice and procedure in our courts prevail over any conflicting statute. "On matters of procedure, to the extent a statute is at odds with our rule, the rule governs." *Garner v. Kempf*, 93 N.E.3d 1091, 1099 (Ind. 2018) (citation omitted). The Court acknowledges that the disputed venue statutes here are "procedural in nature." But it nevertheless concludes that these statutes somehow "do not conflict with our trial rules." The conflict is self-evident. Our longstanding interpretation of "principal office" refers to the registered agent's location, which on this record is Marion County for both plaintiffs. The statutes, however, purport to dictate the opposite result—that Marion County is **not** a county of preferred venue for either plaintiff because, according to the statute, "[t]he address of the [registered] agent does not determine venue in an action or a proceeding" involving an organization. I.C. § 23-0.5-4-12. These irreconcilable results mean the statutes must yield to our rule. I would apply Rule 75 as it has long been understood and hold that Marion County—where IU Health's registered agent is located—is a preferred venue in both *Noel* and *Morrison*.