## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 02 2020, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Peter S. Kovacs
Peter Kovacs Law PC
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Jeffrey M. Bellamy
Stephen R. Donham
Thrasher Buschmann & Voelkel PC
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Craig D. Severance and Catherine Severance,

*Appellants-Defendants,*

v.

The Pleasant View Homeowners' Association, Inc.,

*Appellee-Plaintiff.*

March 2, 2020

Court of Appeals Case No. 19A-PL-1347

Appeal from the Hamilton Superior Court

The Honorable Jonathan M. Brown, Judge

Trial Court Cause No. 29D02-1504-PL-2764

**Shepard, Senior Judge.**

[1] Craig D. Severance and Catherine Severance appeal the trial court's order permanently enjoining them from parking commercial vehicles on their residential lot or in the streets of their subdivision. We affirm.

# Facts and Procedural History

[2]     The underlying facts, as stated in the Severances' first appeal, are as follows:

> The Pleasant View Homeowners Association, Inc. ("the HOA"), filed a complaint to enjoin Craig and Catherine Severance from using their residential lot in a manner inconsistent with Pleasant View subdivision's covenants and restrictions by parking commercial vehicles, limousines, on their lot or in the street in front of and adjacent to their home located in the subdivision. Following an evidentiary hearing, the trial court issued a preliminary injunction prohibiting the Severances from continuing to park the vehicles in such a manner. However, the trial court subsequently declined to enter a permanent injunction based upon the Severances' affirmative defense that the HOA lacked the authority to sue the Severances for an injunction because the HOA's board of directors was not properly constituted or operating in accordance with its own rules of corporate governance. The court set a future date for a hearing on the Severances' claimed damages.
>
> Prior to the trial court's entry of a final judgment, the HOA directed the trial court to the passage of new statutory law regarding the governance of Indiana homeowners associations. The HOA claimed that the new law nullified the Severances' affirmative defense regarding the HOA's authority to seek an injunction. The trial court held a hearing and thereafter entered its final judgment determining that it could not reconsider its prior denial of the permanent injunction and that the Severances were entitled to no damages.

*Severance v. Pleasant View Homeowners' Ass'n, Inc.*, 94 N.E.3d 345, 346 (Ind. Ct. App. 2018), *trans. denied* ("*Severance I*"). The Severances appealed the trial

court's denial of their request for damages, and the HOA cross-appealed the denial of its request for a permanent injunction.

[3] On appeal, this Court explained that "[b]ecause much of the trial court's resolution of this case appears to be hinged on its mistaken belief that it was precluded from considering the merits of its prior order denying the permanent injunction, the appropriate remedy is to reverse the trial court's judgment and remand this case for an evidentiary hearing to consider the merits of issuing a permanent injunction against the Severances based on the facts and circumstances as they stand today and pursuant to current Indiana law." *Id.* at 349. In *Severance I*, we further specifically directed the trial court to consider Indiana Code section 32-25.5-3-11, the new law cited by the HOA. We noted that Section 32-25.5-3-11 was effective upon passage on April 12, 2017 and that it "protects the authority of homeowners associations by preventing collateral attacks based upon specific board irregularities and nullifying affirmative defenses to covenant violations under certain circumstances." *Id.* at 349 n.5. Accordingly, the case was reversed and remanded to the trial court for further proceedings consistent with this Court's opinion.

[4] On remand, the trial court held an evidentiary hearing at which it considered Section 32-25.5-3-11 and entered a permanent injunction against the Severances. In addition, the court ordered the Severances to pay the HOA's attorney fees in the amount of $43,261.58.

# Issue

The sole issue we decide is whether the trial court erred by entering a permanent injunction against the Severances on the basis of a newly-enacted statute.

# Discussion and Decision

The Severances challenge the entry of the permanent injunction based on the trial court's application of Indiana Code section 32-25.5-3-11, which became effective several years after the events giving rise to this case. The Severances argue that Section 32-25.5-3-11 is not retroactive.

The grant of an injunction is discretionary, and we will not reverse unless the trial court's action was arbitrary or constituted a clear abuse of discretion. *Cty. of Lake v. Pahl*, 28 N.E.3d 1092 (Ind. Ct. App. 2015), *trans. denied*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances or if the trial court misinterprets the law. *Id.*

Generally, statutes are to be given prospective effect only, unless the legislature unequivocally and unambiguously intended retrospective effect as well. *Ind. Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380 (Ind. Ct. App. 2017). An exception to this rule exists for procedural statutes—they are not required to be, but they may be, applied retroactively. *Id.* Procedural law is law that prescribes the method of enforcing a right or obtaining redress for invasion of that right.

*Hayden v. State*, 771 N.E.2d 100 (Ind. Ct. App. 2002), *trans. denied*. Conversely,

substantive law creates, defines and regulates rights. *Id.*

[9] Section 32-25.5-3-11 provides:

> (a) If:
>
> (1) a meeting of a homeowners association is called in accordance with the requirements of the homeowners association's governing documents, regardless of whether the meeting is:
>
> (A) an annual meeting;
>
> (B) a special meeting; or
>
> (C) any other meeting called by the board or the members;
>
> (2) a purpose of the meeting is the election or appointment of members of the board of directors of the homeowners association; and
>
> (3) the number of members of the homeowners association in attendance at the meeting does not constitute a quorum as defined in the governing documents of the homeowners association;
>
> the members of the board of directors at the time of the meeting may continue to serve until their successors are selected and qualified, regardless of the length of any member's term or the number of terms the member has served.

(b) The failure of a homeowners association to achieve a quorum at a meeting described in subsection (a) does not exempt any member from, or create an affirmative defense for any member with respect to:

(1) the member's obligations under the homeowners association's governing documents; or

(2) the member's obligations to otherwise abide by covenants regulating:

(A) the use of real estate; or

(B) the payment of assessments.

(c) If a homeowners association's governing documents permit both the homeowners association and members of the homeowners association to enforce provisions of the governing documents, the homeowners association has authority both:

(1) as a corporation or an entity; and

(2) as derived from the members of the homeowners association's board;

to enforce the governing documents of the homeowners association.

[10]     The statute is procedural in nature—it relates to corporate procedures in the absence of a quorum. It does not, however, deprive the Severances or other members of the homeowners association of a right to seek redress for violations of the association agreement or covenants. Rather, the statute merely prescribes

the manner by which homeowners associations may remain functional to enforce substantive rights under association agreements when a quorum is lacking.

As a procedural statute, Section 32-25.5-3-11 may be applied retroactively. *See Ind. Bureau of Motor Vehicles*, 70 N.E.3d 380. Indeed, our Supreme Court long ago noted, "it appears that the great weight of authority is that a statute regulating or modifying procedure in actions operates retrospectively so far as to control proceedings in cases pending at the time the act took effect." *Evansville & T. H. R. Co. v. City of Terre Haute*, 161 Ind. 26, 67 N.E. 686, 690 (1903).

# Conclusion

The trial court did not err when it retroactively applied Section 32-25.5-3-11 to the Severances' dispute with the HOA and entered a permanent injunction.

Affirmed.

Najam, J., and Tavitas, J., concur.