ATTORNEY FOR APPELLANT TOWN
OF ELLETTSVILLE, INDIANA PLAN COMMISSION
Darla S. Brown
Sturgeon & Brown, P.C.
Bloomington, Indiana

ATTORNEYS FOR APPELLANT RICHLAND
CONVENIENCE STORE PARTNERS, LLC
Andrew P. Sheff
Sheff Law Office
Indianapolis, Indiana

Carina M. de la Torre
The de la Torre Law Office LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Michael Rabinowitch
Maureen E. Ward
Wooden McLaughlin LLP
Indianapolis, Indiana

---

# In the
# Indiana Supreme Court

FILED

Dec 12 2017, 12:46 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 53S01-1709-PL-612

TOWN OF ELLETTSVILLE, INDIANA PLAN
COMMISSION AND RICHLAND CONVENIENCE
STORE PARTNERS, LLC,

*Appellants (Respondents below),*

v.

JOSEPH V. DeSPIRITO,

*Appellee (Petitioner below).*

Appeal from the Monroe Circuit Court, No. 53C01-1509-PL-1714
The Honorable E. Michael Hoff, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 53A01-1611-PL-2559

**December 12, 2017**

**Per Curiam.**

Richland Convenience Store Partners, LLC asked the Town of Ellettsville's Plan Commission to amend a subdivision plat so Richland could move a utility easement on its property. The Commission approved Richland's request, over the objection of Richland's neighbor, Joseph V. DeSpirito, whose property the easement benefits. DeSpirito then sued for judicial review, declaratory relief and associated damages (attorney's fees and costs), and preliminary and permanent injunctive relief. Appellants' App. Vol. II at 17-24. An agreed preliminary injunction was entered barring Richland from taking any action in reliance on the Commission's decision, pending further court order. Richland and the Commission answered the complaint.

All parties sought summary judgment. An "Order on Judicial Review" ("Order") entered October 19, 2016, granted DeSpirito's motion for summary judgment and denied the others' motions. The Order concluded the Commission erred in approving relocation of the easement and ordered the case remanded to the Commission with instructions to dismiss Richland's request for plat amendment unless DeSpirito joins it. The Order stated the preliminary injunction remains in effect, but the Order was silent on DeSpirito's request for damages and a permanent injunction. Id. at 16.

Richland and the Commission (collectively, "Appellants") filed notices of appeal, purporting to appeal from a final judgment. The Court of Appeals rightly questioned whether a final judgment has been entered and noted the preliminary nature of the injunction entered. Town of Ellettsville v. DeSpirito, 78 N.E.3d 666, 672 n.3 (Ind. Ct. App. 2017), *vacated*. But it added, "[B]ecause our supreme court has significantly relaxed procedural requirements in this regard, *see* In re D.J. v. Ind. Dep't of Child Servs., 68 N.E.3d 574 (Ind. 2017) (addressing merits of premature appeal), we do not consider the issue further." Id. It went on to reverse the trial court and remand with instructions to enter summary judgment for the Appellants, reinstate the Commission's decision, and conduct further proceedings consistent with its opinion. Id. at 680.

Having granted transfer and heard oral argument, we address appellate jurisdiction differently. Nothing in D.J. eliminated or relaxed the requirements for appellate jurisdiction. It reaffirmed that the prerequisites for appellate jurisdiction are (1) entry of an appealable order by the trial court and (2) the trial court clerk's entry of the notice of completion of the clerk's record

2

on the chronological case summary ("CCS"). 68 N.E.3d at 578. <u>D.J.</u> explained that in a child in need of services ("CHINS") case, the CHINS determination is not a final judgment and that finality does not occur until the court enters a dispositional order. <u>Id.</u> at 576. There, the trial court found the children to be CHINS, the parents then filed their separate notices of appeal, the court thereafter entered its dispositional order, and the clerk later filed the notice of completion of the clerk's record. <u>Id.</u> at 577. Appellate jurisdiction was secure in <u>D.J.</u> because the trial court entered its dispositional order—a final judgment—*before* the clerk entered the notice of completion of clerk's record on the CCS. Under Appellate Rule 8, the notice of completion of clerk's record is the document having jurisdictional significance, depriving the trial court of jurisdiction and conferring jurisdiction in the appellate court. Although the parents had already filed their notices of appeal, the trial court still had jurisdiction to enter a final judgment because the clerk had not yet entered the notice of completion of clerk's record on the CCS, and we concluded the parents' "premature notices of appeal did not deprive the Court of Appeals of jurisdiction to hear the appeal." <u>Id.</u> at 581.

Here, unlike in <u>D.J.</u>, the record on appeal shows no final judgment. Indiana Appellate Rule 2(H) defines a judgment as a "final judgment" if, among other things, it disposes of all claims as to all parties or the trial court expressly determines in writing that there is no just reason for delay and expressly directs entry of judgment under Indiana Trial Rule 54(B) as to fewer than all the claims or parties, or under Indiana Trial Rule 56(C) as to fewer than all the issues, claims, or parties. The Order left the preliminary injunction in place, did not rule on DeSpirito's request for damages or a permanent injunction, and did not determine there is no just reason for delay and expressly direct entry of judgment on less than all of the issues, claims, or parties.

For judicial economy under this case's particular circumstances, we elect to stay this appeal's consideration. We remand this case to the trial court to decide, in its discretion but within the next 90 days, whether to (1) expressly determine in writing that there is no just reason for delay and (2) expressly direct entry of judgment under Trial Rule 54(B) as to fewer than all the claims or parties, or under Trial Rule 56(C) as to fewer than all the issues, claims, or parties. *See* App. R. 2(H)(2). After that decision, the Appellants shall promptly file a supplemental appendix including copies of the updated CCS and any new order(s) entered by the court on remand. We caution,

3

though, that in the overwhelming majority of cases, the proper course for an appellate court to take where it finds appellate jurisdiction lacking is simply to dismiss the appeal. *See, e.g*., <u>In re Paternity of C.J.A.</u>, 12 N.E.3d 876 (Ind. 2014); <u>Ramsey v. Moore</u>, 959 N.E.2d 246 (Ind. 2012).

Notwithstanding Appellate Rule 65(E), this opinion is effective immediately, and the trial court need not await a certification of this opinion by the Clerk of Courts before exercising the limited jurisdiction this remand allows. Given this remand's interlocutory nature, no petitions for rehearing under Appellate Rule 54(A)(1) shall be filed on this opinion. *See* App. R. 1 (permitting deviation from Appellate Rules on Court's motion).

All Justices concur.