OPINION ON REHEARING



FILED

Jan 31 2018, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Alissa Kohlhoff | Rebecca L. Billick |
| Kohlhoff Law P.C. | Billick Mediation & Family Law |
| Valparaiso, Indiana | Valparaiso, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Guardianship of Nathaniel C. Hurst, *A Minor*, | January 31, 2018 |
| | Court of Appeals Case No. 45A03-1612-GU-2790 |
| Centier Bank and Centier Bank, Personal Representative of the Estate of Luanne Hurst, | Appeal from the Lake Superior Court |
| *Appellant-Defendant,* | The Honorable Nanette K. Raduenz, Special Judge |
| v. | Trial Court Cause No. 45D06-0404-GU-56 |
| Nathaniel C. Hurst, | |
| *Appellee-Plaintiff.* | |

**Robb, Judge.**

[1]     In *Guardianship of Hurst*, 84 N.E.3d 1222 (Ind. Ct. App. 2017), Centier Bank (the "Bank") appealed the denial of its motion for summary judgment despite the fact the order it appealed was not a final judgment and it had not taken the appropriate steps to pursue a discretionary interlocutory appeal. We first considered whether we should decide the case on the merits or dismiss it as untimely. Based on several things: the general discussion in our supreme court's opinion in *In re D.J.*, 68 N.E.3d 574 (Ind. 2017); the supreme court's specific acknowledgement that Appellate Rule 1 permits deviation from the appellate rules when necessary to achieve the ultimate end of orderly and speedy justice, *see In re Adoption of O.R.*, 16 N.E.3d 965, 972 (Ind. 2014); and cases from this court interpreting the foregoing, the majority determined that we had discretion to address the merits of the forfeited appeal, while Chief Judge Vaidik dissented and would have dismissed the appeal. The majority elected to exercise its discretion despite the Bank's procedural default because a summary judgment ruling on a statute of limitation argument is a classic discretionary interlocutory appeal issue and because of the importance of deciding a case where fraud is a central issue. *Guardianship of Hurst*, 84 N.E.3d at 1226. We then affirmed the trial court's denial of the Bank's motion for summary judgment, concluding that the complaint against the Bank sounded in fraud and therefore the statutes of limitation relied on by the Bank did not bar the complaint. *Id.* at 1229. We also noted that, by affirming the trial court's denial of summary judgment, the case was in the same procedural posture as if we had dismissed the case due to the Bank's procedural default: the case returned to the trial court for further proceedings. *Id.* at 1226. The Bank has

now filed a petition for rehearing, alleging we incorrectly determined that the complaint sounds in fraud and requesting we reverse the trial court's denial of its motion for summary judgment.[1]

[2] After our opinion was handed down, our supreme court issued an opinion in *Town of Ellettsville v. DeSpirito*, 87 N.E.3d 9 (Ind. 2017), that clarified its earlier holding in *D.J.* In the Court of Appeals opinion in *Town of Ellettsville*, 78 N.E.3d 666 (Ind. Ct. App. 2017), we questioned whether a final judgment had been entered but, citing *D.J.*, did not engage in an analysis of the timeliness of the appeal "because our supreme court has significantly relaxed procedural requirements in this regard." *Id.* at 672 n.3. The supreme court granted transfer and noted that "[n]othing in *D.J.* eliminated or relaxed the requirements for appellate jurisdiction." 87 N.E.3d at 11. The court further noted that in *D.J.*, the appellants had filed their notice of appeal before a final judgment was entered, but appellate jurisdiction was nonetheless secure because the trial court entered a final judgment before the clerk entered the notice of completion of clerk's record. *Id.* In *Town of Ellettsville*, however, the record on appeal showed no final judgment. Although the court elected "[f]or judicial economy under this case's particular circumstances" to stay consideration of the appeal and remand the case to the trial court to decide whether to direct entry of judgment and make its interlocutory order a final judgment, it cautioned that "in the

---

[1] No response to the Bank's petition was filed.

overwhelming majority of cases, the proper course for an appellate court to take where it finds appellate jurisdiction lacking is simply to dismiss the appeal." *Id.* at 12.

[3] Given the opportunity to reconsider our decision in light of our supreme court's statements in *Town of Ellettsville*, we note again the trial court's ruling on the Bank's motion for summary judgment was not a final judgment. And because there was no final judgment, the Bank's self-styled "motion to correct error" was in fact a motion to reconsider and the trial court's ruling on that motion cannot itself be considered a final judgment pursuant to Indiana Appellate Rule 2(H)(4). *See Guardianship of Hurst*, 84 N.E.3d at 1225-26. The trial court specifically noted that it had not entered a final judgment when it ruled on the Bank's motion for summary judgment; yet the Bank persisted in filing a notice of appeal alleging it was appealing from a final judgment. Unlike the record in *D.J.*, the record here does not show a final judgment was entered between the time the Bank filed its notice of appeal and the time the trial court clerk filed its notice of completion of clerk's record. The Bank requests on rehearing that we reverse the trial court and order the entry of summary judgment in the Bank's favor. Given our lack of jurisdiction due to the Bank's procedural default, terminating the litigation in the Bank's favor is not one of the options available to us. But the Bank has again brought this case before us when *Town of Ellettsville* has now made it clear that the proper remedy for a premature notice of appeal from an order that has not been made final is to dismiss this appeal. In light of that recent clear statement from our supreme court, we opt to grant

the petition for rehearing, vacate our earlier opinion, dismiss this appeal, and remand to the trial court for further proceedings.[2]

Vaidik, C.J., and Bailey, J., concur.

---

[2] Although we do not address the merits of the Bank's petition for rehearing, we take this opportunity to address the following passage from the petition:

> Of great concern to Centier is that the Court of Appeals holding that Nathaniel's claims "sounded in fraud", which holding is constructed from whole cloth and appears to be grounded in a false and scandalous premise, to wit: CENTIER PAID ITSELF $57,000 IN FEES.

Petition for Rehearing at 11. The opinion does state in the facts that the "closing statement details the Bank, in its capacity as personal representative, disbursed to itself approximately $57,000 of Mother's assets . . . ." 84 N.E.3d at 1224-25. The Bank contends this statement is "unsupported by any fact in the record." Ptn. for Reh'g at 12. However, based on the closing statement—which the Bank reproduces in its petition—the Bank did make those disbursements. *See id.* at 13 (showing "Disbursements During Administration" including $54,621.79 to Centier Bank for Interest and Pinterest). The opinion never mentions this again, and regardless of the nature of the disbursements and whether or not this factored into the decision, we note the Bank's method of raising the issue is ill-advised, if not inappropriate, advocacy.