**FILED**

Dec 04 2018, 8:13 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

James E. Ayers
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEE

Brian A. Karle
Jason Ramsland
Ball Eggleston, PC
Lafayette, Indiana

I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cindy K. Marsh,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Town of Dayton, Indiana,<br>*Appellee-Defendant* | December 4, 2018<br><br>Court of Appeals Case No.<br>18A-MI-50<br><br>Appeal from the Tippecanoe<br>Circuit Court<br><br>The Honorable Thomas H. Busch,<br>Judge<br><br>Trial Court Cause No.<br>79C01-1707-MI-118 |

**Crone, Judge.**

## Case Summary

[1] Cindy K. Marsh, a resident, landowner, and taxpayer of the Town of Dayton, Indiana, filed a complaint for declaratory judgment against the Town, challenging the adequacy of its fiscal plan for a proposed annexation. The Town filed a motion to dismiss Marsh's complaint for failure to state a claim.

After a hearing, the trial court granted the Town's motion. Marsh appealed. The Town contends that we must dismiss the appeal because Marsh failed to timely file a motion to compel the court reporter to file the hearing transcript with the trial court clerk. Because such a dismissal is discretionary, rather than mandatory, we disagree with the Town's contention and exercise our discretion to consider the appeal. For her part, Marsh contends that the trial court erred in granting the Town's motion to dismiss her complaint. Finding no error, we affirm the trial court.

## Facts and Procedural History

[2] In June 2017, the Town approved a resolution for the adoption of a fiscal plan for the annexation of approximately fifty-five acres on which a residential subdivision is slated to be built. In July 2017, Marsh filed a complaint for declaratory judgment against the Town, asking that the resolution be voided due to the Town's alleged failure to comply with Indiana Code Section 36-4-3-13, which sets various requirements for fiscal plans. The Town filed a motion for judgment on the pleadings and a motion to dismiss. After a hearing, the trial court denied the former and granted the latter. In November 2017, Marsh filed an amended complaint. The Town filed a motion to dismiss for failure to state a claim pursuant to Indiana Trial Rule 12(B)(6). After a hearing, the trial court granted the motion. Marsh now appeals. Additional facts will be provided below.

# Discussion and Decision

## Section 1 – Dismissal of an appeal for an appellant's failure to timely file a motion to compel the court reporter to file the transcript is discretionary, not mandatory.

[3] In her notice of appeal, Marsh asked the court reporter to prepare a transcript of the hearing on the Town's motion to dismiss pursuant to Indiana Appellate Rule 11. Appellate Rule 11(B) provides that the court reporter has forty-five days after the appellant files the notice of appeal to file the transcript with the trial court clerk. The court reporter failed to meet that deadline. Appellate Rule 11(D) provides that if the court reporter fails to file the transcript with the clerk "within the time allowed, the appellant shall seek an order from the Court on Appeal compelling the" reporter to do so. The rule further provides, "Failure of appellant to seek such an order not later than seven (7) days after the Transcript was due to have been filed with the trial court clerk shall subject the appeal to dismissal." *Id*. Marsh failed to meet that deadline, which fell on February 19, 2018. On February 27, the Town filed a motion to dismiss Marsh's appeal; the motion was not entered onto this Court's docket until March 5. Meanwhile, on February 28, Marsh filed a motion to compel, which this Court granted on March 6. On March 15, this Court denied the Town's motion to dismiss.

[4] The Town now asks us to reconsider that ruling, contending that Marsh's appeal "should be dismissed pursuant to the mandatory language of Appellate Rule 11(D)." Appellee's Br. at 9. It is true, as the Town observes, that "shall"

has been deemed "mandatory" for purposes of statutory construction. *Id*. (quoting *In re Bi.B.*, 69 N.E.3d 464, 469 (Ind. 2017)). But Appellate Rule 11(D) does not say that an appeal "shall be dismissed" if an appellant fails to meet the seven-day deadline; instead, it says that such a failure "shall subject the appeal to dismissal." We have deemed such language to be discretionary, rather than mandatory, with respect to the untimely filing of briefs. *See Haimbaugh Landscaping, Inc. v. Jegen*, 653 N.E.2d 95, 98 (Ind. Ct. App. 1995) (stating that former Appellate Rule 8.1(A)'s provision that appellant's failure to timely file brief "shall subject the appeal to summary dismissal" did "not mandate an automatic dismissal" and that "[d]ismissal for the late filing of an appellant's brief is within the discretion of this court"), *trans. denied* (1996). We see no reason to decide any differently in this context, and the Town has failed to argue, let alone establish, that the denial of its motion to dismiss Marsh's appeal was an abuse of this Court's discretion. Consequently, we reaffirm our ruling and exercise our discretion to consider the appeal.

## Section 2 – The trial court did not err in granting the Town's motion to dismiss.

[5] We now consider Marsh's argument that the trial court erred in granting the Town's motion to dismiss her amended complaint for failure to state a claim. Such a motion "tests the legal sufficiency of a complaint, not the facts supporting it." *Allen v. Clarian Health Partners, Inc.*, 980 N.E.2d 306, 308 (Ind. 2012). "Thus, the motion tests whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to

relief." *Id.* "In ruling on a motion to dismiss for failure to state a claim, the trial court is required to view the complaint in the light most favorable to the non-moving party with every inference in its favor." *Id.* We review the trial court's ruling de novo. *Id.* "We may affirm the grant of a motion to dismiss if it is sustainable on any theory." *Watson v. Auto Advisors, Inc.*, 822 N.E.2d 1017, 1023 (Ind. Ct. App. 2005), *trans. denied*.

[6] During an annexation proceeding, a municipality must develop and adopt a written fiscal plan that must show, among other things, "[t]he cost estimates of planned services to be furnished to the territory to be annexed" and "[t]he method or methods of financing the planned services[,]" and that "services of a capital improvement nature," including sewer facilities and water facilities, "will be provided to the annexed territory within three (3) years after the effective date of the annexation …." Ind. Code §§ 36-4-3-3.1(b), 36-4-3-13(d)(1), -(2), -(5). "The plan must present itemized estimated costs for each municipal department or agency[,]" "must explain how specific and detailed expenses will be funded[,] and must indicate the taxes, grants, and other funding to be used." Ind. Code § 36-4-3-13(d)(1), -(2).

[7] In her amended complaint for declaratory judgment, Marsh asserted that the Town's fiscal plan was inadequate because it

> [did] not disclose the source of funding for the possible sidewalk
> extensions from the new subdivision to the existing sidewalks
> and the source of funding for the construction and extension of
> sewer and water main services from the new subdivision to the

existing utilities within three (3) years of annexation, all as required by I.C. 36-4-3-13(d) to be included in any such Plan.

Appellant's App. Vol. 2 at 96.

[8] Leaving aside the questions of whether Marsh has standing to challenge the adequacy of the Town's fiscal plan and whether she used the proper procedural vehicle to do so, her assertions are meritless, for two reasons. First, as the Town points out, there are currently no plans (let alone legal requirements) for the construction of sidewalk extensions to the annexation area, and Marsh cites no authority for the proposition that a fiscal plan must include estimated costs and specify funding sources for purely hypothetical projects. Second, the fiscal plan clearly discloses the source of funding for the construction and extension of sewer and water main services.[1] *See* Appellant's App. Vol. 2 at 19 ("The Dayton Municipal Water Utility … provides water service in the immediately surrounding area and has the capacity and capability to serve the Annexation Area if and when connection is desired based upon the actual buildout of the area. The Developer of the Annexation Area will be responsible to pay the Water Utility's cost recovery fees of $98,910, plus $425 per lot in inspection and connection fees.… Water distribution infrastructure within the area will be constructed by the Developer.") and 20 ("The Dayton Municipal Wastewater

---

[1] Marsh attached a copy of the fiscal plan as an exhibit to her original complaint but not to her amended complaint. The Town does not challenge the adequacy of Marsh's amended complaint on this basis or argue that the trial court's consideration of the plan converted the motion to dismiss to a motion for summary judgment. Neither party contends that we are precluded from considering the plan on appeal.

Utility … provides wastewater service to the immediately surrounding area and has the capacity and capability to serve the Annexation Area if and when connection is desired based upon the actual build out of the area. The Developer of the Annexation Area will be responsible to pay the Wastewater Utility's cost recovery fees of $65,940, plus $325 per lot in inspection and connection fees.… Sanitary sewer collection system infrastructure with in [sic] the area will be constructed by the Developer.").[2] Consequently, we affirm the dismissal of Marsh's amended complaint.

Affirmed.

Najam, J., and Pyle, J., concur.

---

[2] At the hearing on the motion to dismiss, Marsh claimed to "have an affidavit from [a] builder" who "estimate[d] that this is a $200.00 [sic] to $400,000.00[,] $250,000 to $400,000 project in terms of sewer and water …." Tr. Vol. 2 at 11. She further asserted that a bond issue would be needed to pay for the extension of sewer and water services to the subdivision. In response, the Town denied that a bond issue would be needed and stated that

> numbers like $98,910.00 or $65,940.00 are not half hazardly [sic] arrived at those are numbers that are—that are the subject of cost recovery studies and formulation so for [Marsh] to suggest that these are sort of half baked numbers they're not at all and [Marsh has] no evidence to that affect [sic].

Id. at 16. In her reply brief, Marsh claims that the Town "quotes the terms of the Plan which require [the Town] to pay for any improvement *within* the subdivision and implies that they apply to the extensions from [the] Town to the subdivision." Appellant's Reply Br. at 9 (emphasis altered). Marsh cites no authority for this assertion. If the Town's cost recovery estimates ultimately prove inadequate, whether through inadvertence or intention, the Town's taxpayers may voice their displeasure at the ballot box.