

**FILED**

Apr 24 2019, 9:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Gregory W. Black
Gregory W. Black, P.C.
Plainfield, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General of Indiana

Aaron T. Craft
Josiah Swinney
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bradley K. Buchanan, *et al.*, *Appellants-Plaintiffs,* <br><br> v. <br><br> State of Indiana, *et al.*, *Appellees-Defendants.* | April 24, 2019 <br><br> Court of Appeals Case No. 18A-PL-1758 <br><br> Appeal from the Putnam Circuit Court <br><br> The Honorable Joseph D. Trout, Special Judge <br><br> The Honorable Christopher A. Newton, Special Judge <br><br> Trial Court Cause No. 67C01-1208-PL-332 |

**Najam, Judge.**

# Statement of the Case

Bradley K. Buchanan appeals the trial court's judgment on the pleadings in favor of the Indiana Department of Insurance ("IDOI") as well as the court's dismissal of his claims against the Putnam County Prosecutor ("the Prosecutor")[1] for failure to state a claim upon which relief can be granted.[2] Buchanan raises five issues for our review,[3] which we restate as the following two issues:

1. Whether the trial court properly entered judgment on the pleadings for IDOI on Buchanan's breach-of-contract claim.

2. Whether the trial court properly dismissed Buchanan's claims against the Prosecutor under the Indiana Tort Claims Act, Ind. Code §§ 34-13-3-0.1 to -25 (2018).

We affirm.

---

[1] Buchanan formally named Timothy Bookwalter, in his official capacity as the Putnam County Prosecutor, and Justin Long, in his official capacity as the Chief Deputy Prosecutor under Bookwalter, in his complaint. Buchanan did not sue either officer personally. Appellees' App. Vol. II at 71. Buchanan also does not suggest on appeal that we need to separate our analysis between Bookwalter and Long.

[2] Although Buchanan prematurely filed his notice of appeal, the trial court has since entered a final judgment as to all parties and on all claims, and we thus have jurisdiction over this appeal. *Town of Ellettsville v. Despirito*, 87 N.E.3d 9, 11-12 (Ind. 2017).

[3] We remind Buchanan's counsel that "[t]he great rule to be observed in drawing briefs consists in conciseness with perspicuity." *Gardner v. Stover*, 43 Ind. 356, 357 (1873).

## Facts and Procedural History

[3] According to Buchanan's first amended complaint, in September of 2008 he entered into a settlement agreement with IDOI in which he agreed to surrender his license to practice and sell insurance and IDOI agreed to terminate ongoing investigations it was conducting against him. However, IDOI expressly reserved in that contract the right to "cooperate with any criminal investigation that has been, or may be, initiated as a result of the allegations in this matter." Appellees' App. Vol. II at 74. Thereafter, IDOI cooperated with state and local law enforcement in investigating the acts underlying Buchanan's surrender of his license, Buchanan pleaded guilty to one charge of felony theft brought by the Prosecutor relating to those acts, and the trial court sentenced Buchanan to a term of probation and home detention in the Putnam County Community Corrections Program.

[4] In July of 2011, while Buchanan was serving his home detention, Putnam County police officers, in consultation with the Prosecutor, obtained a search warrant for Buchanan's residence on the assertion that Buchanan had committed new, unrelated theft offenses.[4] According to Buchanan's complaint, the Prosecutor's "motive" for obtaining the warrant "included a personal animus toward Mr. Buchanan, born in part [out] of political consideration." *Id.* at 66. The complaint further alleged that the Prosecutor had obtained the

---

[4] The July 2011 theft allegations were unrelated to Buchanan's prior insurance offenses, and at no point has Buchanan suggested that IDOI had any involvement in the July 2011 investigation.

warrant based on "false," "unreasonable," and "reckless[] pretenses" and without "probable cause." *Id.* at 66-67. After obtaining the warrant, the officers executed it, seized various vehicles, and arrested Buchanan. The Prosecutor then filed various theft charges against Buchanan based on the items seized. However, after Buchanan had been in jail for forty-two days on those allegations, the Prosecutor dismissed the charges.

[5] Thereafter, Buchanan filed his first amended complaint[5] in which he sued IDOI and the Prosecutor. In particular, Buchanan claimed that IDOI breached its contract with him when it cooperated with state and local law enforcement on the matters relating to the surrender of his license. *See id.* at 59-61. Buchanan also sued the Prosecutor for having maliciously and falsely obtained and executed a search warrant for Buchanan's residence and for having filed false charges against Buchanan, all of which occurred during Buchanan's term of home detention. Specifically, Buchanan alleged claims of trespass, malicious prosecution, abuse of process, invasion of privacy, false arrest, false imprisonment, improper confinement, emotional distress, and defamation against the Prosecutor. Buchanan also requested fees, costs, and treble damages.

[6] IDOI moved for judgment on the pleadings under Indiana Trial Rule 12(C). Relying on an assertion of immunity, the Prosecutor moved for dismissal of

---

[5] There is no dispute in this appeal that Buchanan complied with the procedural requirements of the Indiana Tort Claims Act.

Buchanan's claims under Trial Rule 12(B)(6). Following a hearing, the trial court granted both motions.[6] This appeal ensued.

## Discussion and Decision

### *Issue One: Judgment on the Pleadings for IDOI*

[7] Buchanan first asserts that the trial court erred when it entered judgment on the pleadings for IDOI under Indiana Trial Rule 12(C). Our Supreme Court has discussed our standard of review from a judgment on the pleadings as follows:

> A motion for judgment on the pleadings under Trial Rule 12(C) tests the sufficiency of a claim or defense presented in the pleadings and should be granted only where it is clear from the face of the complaint that under no circumstances could relief be granted. Because we base our ruling solely on the pleadings, we accept as true the material facts alleged in the complaint. . . . Like a trial court's 12(B)(6) ruling, we review a 12(C) ruling *de novo*.

*KS&E Sports v. Runnels*, 72 N.E.3d 892, 898 (Ind. 2017) (citations and quotation marks omitted). Where, as here, a written instrument is attached to the complaint, the written instrument is part of the pleadings. *See, e.g.*, *Noblesville Redev. Comm'n v. Noblesville Assocs. Ltd. P'ship*, 674 N.E.2d 558, 564-65 (Ind. 1996).

---

[6] In its order for the Prosecutor, the trial court stated that it was granting the Prosecutor's "Motion for Judgment on the Pleadings." Appellants' App. Vol. 2 at 84. But there is no dispute in this appeal that the trial court's order should be construed as a grant of relief under Trial Rule 12(B)(6), not Trial Rule 12(C), in light of the Prosecutor's actual request. *See* Appellees' App. Vol. II at 119.

[8] Buchanan argues on appeal that the trial court erred with respect to his claim against IDOI because his contract with IDOI did not give IDOI the right to cooperate with police in criminal investigations relating to the surrender of his license. *See* Appellants' Br. at 34. Buchanan's argument is not only incorrect, we cannot see how in good faith he even could have arrived at that position. In the settlement agreement, IDOI expressly reserved the right to "cooperate with any criminal investigation that has been, or may be, initiated as a result of the allegations in this matter." Appellees' App. Vol. II at 74. In his complaint, Buchanan baldly stated that "[t]o 'cooperate' is not to 'foment' or be a driving force of the activity in question." *Id.* at 60. We reject Buchanan's purported distinction. His complaint against IDOI attempts to fault IDOI for having done what IDOI expressly reserved in the contract the right to do. The trial court properly entered judgment on the pleadings for IDOI and against Buchanan on his breach-of-contract claim.

### Issue Two: Dismissal of Buchanan's Claims against the Prosecutor Under Trial Rule 12(B)(6)

[9] We next turn to Buchanan's argument that the trial court erred when it dismissed his claims against the Prosecutor under Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. "A 12(B)(6) motion tests the legal sufficiency of the complaint," and we review the trial court's judgment under Rule 12(B)(6) *de novo*. *Esserman v. Ind. Dep't of Envtl. Mgmt.*, 84 N.E.3d 1185, 1188 (Ind. 2017). As our Supreme Court has explained:

In reviewing a 12(B)(6) motion to dismiss, we look at the complaint in the light most favorable to the plaintiff, with every inference drawn in [his] favor, to determine if there is any set of allegations under which the plaintiff could be granted relief. A 12(B)(6) dismissal is improper unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief. Dismissals under T.R. 12(B)(6) are rarely appropriate. Though Indiana's notice pleading rules do not require the complaint to state all elements of a cause of action, the plaintiff must still plead the operative facts necessary to set forth an actionable claim.

*State v. Am. Fam. Voices, Inc.*, 898 N.E.2d 293, 295-96 (Ind. 2008) (citations, quotation marks, and footnote omitted). "[W]e may affirm the grant of a motion to dismiss if it is sustainable on any theory." *McPeek v. McCardle*, 888 N.E.2d 171, 174 (Ind. 2008).

[10] As noted above, Buchanan's complaint alleged nine claims against the Prosecutor. But the factual basis for those nine claims comes down to the following: the Prosecutor's alleged malicious and false procurement and then execution of the July 2011 search warrant and the Prosecutor's ensuing false charges against Buchanan that were purported to be based on evidence seized under the warrant. Buchanan's complaint is clear that those allegedly tortious acts all occurred while Buchanan was serving his placement in community corrections.

[11] On appeal the Prosecutor broadly asserts immunity under all circumstances from claims such as Buchanan's nine claims here, but we need not decide this

appeal on such categorical grounds. The Indiana Tort Claims Act clearly states as follows:

> A governmental entity or employee acting within the scope of the employee's employment is not liable if a loss results from . . .
>
> * * *
>
> (17) Injury to the person or property of a person under the supervision of a governmental entity and who is:
>
> > (A) on probation; or
> >
> > (B) assigned to . . . a community corrections program . . . .

I.C. § 34-13-3-3 (2018).

[12] In other words, the State has not consented to be sued or to allow local governments to be sued under state tort law[7] by persons under the supervision of a governmental entity while on probation or assigned to a community corrections program. *See id.* Likewise, Indiana Code Section 34-13-3-3(16) generally prohibits persons under the control and jurisdiction of the Department of Correction from suing the State or local government, although there is an exception for such persons who have exhausted specific administrative remedies required of the Department of Correction under Indiana Code Section

---

[7] Buchanan's complaint does not allege a violation of his federal rights and does not premise any of his claims on 42 U.S.C. § 1983.

34-13-3-7. There is no parallel administrative procedure for community corrections programs within the Indiana Tort Claims Act. *See* I.C. §§ 34-13-3-0.1 to -25. "We will . . . find a waiver of sovereign immunity only when the statute at issue contains an unequivocal affirmative statement that clearly evinces the legislature's intention to subject the State to suit . . . ." *Esserman*, 84 N.E.3d at 1192.

[13] Here, the Tort Claims Act contains an unequivocal affirmative statement that clearly evinces the legislature's intention *not* to subject the State or local government to suit by persons, such as Buchanan, under the supervision of a governmental entity while on probation or assigned to a community corrections program. Buchanan's own complaint recognizes that at the time of the conduct complained of he was serving his term of home detention under the supervision of the Putnam County Community Corrections Program. Moreover, although Buchanan asserts otherwise, we conclude that the factual basis for his claims against the Prosecutor—procuring and executing a search warrant and filing charges based on the evidence seized under the warrant—establish, as a matter of law, that the Prosecutor was acting within the scope of his employment. *See Bushong v. Williamson*, 790 N.E.2d 467, 473 (Ind. 2003) ("conduct of the same general nature as that authorized, or incidental to the conduct authorized, is within the employee's scope of employment. . . .") (omissions and quotation marks omitted); *see also Cox v. Evansville Police Dep't*, 107 N.E.3d 453, 461-65 (Ind. 2018). Accordingly, pursuant to Indiana Code Section 34-13-3-3(17), the Prosecutor is immune from suit on Buchanan's claims as alleged. We therefore

affirm the trial court's dismissal of Buchanan's claims against the Prosecutor for failure to state a claim.

## Conclusion

[14] In sum, we affirm the trial court's entry of judgment on the pleadings under Trial Rule 12(C) for IDOI and dismissal of Buchanan's claims against the Prosecutor for failure to state a claim upon which relief can be granted under Trial Rule 12(B)(6).[8]

[15] Affirmed.

Pyle, J., and Altice, J., concur.

---

[8] As we affirm the trial court's judgment for IDOI and the Prosecutor, we need not consider Buchanan's additional argument on appeal that the trial court erred when it disqualified Buchanan's attorney from participating in further proceedings against IDOI and the Prosecutor, which order Buchanan's attorney appears to have disregarded in this appeal. We leave enforcement of the trial court's order to the discretion of the trial court.