

# IN THE
# Indiana Supreme Court

Supreme Court Case No. 24S-SC-347



**FILED**

Oct 07 2024, 3:03 pm

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

## Timothy Mayberry,
*Appellant/Defendant,*

—v—

## American Acceptance Co., LLC,
*Appellee/Plaintiff.*

---

Decided: October 7, 2024

Appeal from the Elkhart Superior Court
No. 20D06-1504-SC-2234
The Honorable Dean O. Burton, Magistrate Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 23A-SC-1914

---

**Opinion by Justice Molter**

Chief Justice Rush and Justice Massa concur.
Justice Slaughter concurs in the judgment with separate opinion in which
Justice Goff joins.

**Molter, Justice.**

Over Senior Judge Robb's dissent, the Court of Appeals dismissed this appeal *sua sponte* based on Appellate Rule 10(F). That provision requires an appellant to move to compel the trial court clerk to file a Notice of Completion of Clerk's Record within seven days after the clerk has missed the deadline to file the notice. Ind. Appellate Rule 10(F). An appellant's failure to timely move to compel "shall subject the appeal to dismissal." *Id.*

We grant transfer and reach two holdings. First, we adopt the holding from a line of Court of Appeals cases that the phrase "shall subject the appeal to dismissal" grants the appellate courts *discretion* to dismiss an appeal; the phrase does not *require* the courts to dismiss. Second, we hold that discretion is subject to our preference for deciding cases based on their merits rather than based on minor procedural rule violations. That means Appellate Rule 10(F) should only lead to dismissal where the appellant does not act in good faith, where the rule violation (either by itself or in combination with other violations) is egregious, or where the appellee is prejudiced.

Because there was no sufficient basis for dismissing this appeal under Appellate Rule 10(F), we vacate the dismissal and remand the case to the Court of Appeals for further proceedings.

# Facts and Procedural History

In 2015, Appellee-Plaintiff American Acceptance Co. sued Appellant-Defendant Timothy Mayberry in small claims court to recover an unpaid balance of $2,084.48. After Mayberry failed to respond, American Acceptance moved for default judgment, which the small claims court granted. Six-and-a-half years later, in 2022, Mayberry moved to set aside the default judgment under Trial Rule 60(B)(1), (4) and (6), claiming he was never served with the complaint or default judgment and that he received no other notice of the litigation. Mayberry is incarcerated, and he says he only learned about the default judgment when he was alerted to it during his most recent annual prison review.

The small claims court denied Mayberry's motion to set aside the judgment on July 14, 2023, concluding that the motion was untimely and failed on the merits regardless. Mayberry then timely filed a Notice of Appeal on August 11, 2023. But because the trial court clerk failed to file a Notice of Completion of Clerk's Record by September 11, 2023 as Appellate Rule 10(C) required, and because Mayberry failed to move to compel the clerk to file that notice as Appellate Rule 10(F) required, the Court of Appeals *sua sponte* dismissed the appeal with prejudice on October 11, 2023. Mayberry then filed a Verified Motion to Correct Error asking the court to reconsider, but a divided Court of Appeals motions panel denied the motion over Senior Judge Robb's dissent.

Now, Mayberry petitions for transfer, which we grant, thereby vacating the Court of Appeals Order dismissing this appeal. App. R. 58(A).

## Discussion and Decision

Within thirty days of the appellant filing the notice of appeal, the trial court clerk must "assemble the Clerk's Record," App. R. 10(B), which is essentially the Chronological Case Summary ("CCS") and all the materials filed in the case, App. R. 2(E). By that same deadline, the clerk must also file and serve a Notice of Completion of Clerk's Record, which is a short, boilerplate document attaching a certified copy of the CCS, stating whether a transcript has been requested, and, if so, stating whether the transcript has been completed. App. R. 10(C). This notice also transfers jurisdiction from the trial court to the appellate court. *Town of Ellettsville v. Despirito*, 87 N.E.3d 9, 11 (Ind. 2017) ("Under Appellate Rule 8, the notice of completion of clerk's record is the document having jurisdictional significance, depriving the trial court of jurisdiction and conferring jurisdiction in the appellate court.").

If the clerk neglects to timely file the notice, the appellant must move to compel the clerk to file the notice, and the appellant is supposed to file that motion no later than seven days after the notice was due. App. R. 10(F). The appellant's failure to timely file the motion to compel "shall subject the appeal to dismissal." *Id.*

Our Court of Appeals has long held that this phrase in the Appellate Rules—"shall subject the appeal to dismissal"—affords the appellate courts discretion to dismiss the appeal rather than mandating that they dismiss the appeal. *Marsh v. Town of Dayton*, 115 N.E.3d 504, 506 (Ind. Ct. App. 2018) (interpreting the same phrase in the context of compelling the court reporter to complete the transcript as discretionary rather than mandatory), *trans. denied*; *Flick v. Reuter*, 5 N.E.3d 372, 377 n.3 (Ind. Ct. App. 2014) (declining to dismiss an appeal where the appellant failed to timely file a motion to complete the clerk's record), *trans. denied*; *State v. Moore*, 796 N.E.2d 764, 766–67 (Ind. Ct. App. 2003) (holding that the failure to timely move to compel completion of the clerk's record does not require dismissal), *trans. denied*; *Haimbaugh Landscaping, Inc. v. Jegen*, 653 N.E.2d 95, 98 (Ind. Ct. App. 1995) (interpreting the phrase "shall subject the appeal to summary dismissal" as discretionary rather than mandatory in the context of a late-filed appellant's brief (quotations omitted)). As that court has explained, this phrase is distinct from the phrase "shall dismiss." *Marsh*, 115 N.E.3d at 506. By instead saying the appeal "shall" be "subject" to dismissal, the rule conveys that the Court of Appeals *may* rather than *must* dismiss. *Id.* And we agree that long-held view is the best interpretation of our rules.

Of course, even when courts have discretion, they must exercise it reasonably. *See Expert Pool Builders, LLC v. Vangundy*, 224 N.E.3d 309, 312 (Ind. 2024) (explaining that a court "exceeds its discretion when its decision is unlawful, illogical, or otherwise unreasonable"). In this context, where the appellant's oversight is in failing to compel the trial court clerk to fulfill the clerk's responsibilities, reasonably exercising discretion includes accommodating our general preference to "decide cases on their merits . . . in spite of technical errors." *Williams v. State*, 253 N.E.2d 242, 243–44 (Ind. 1969). For that reason, the Court of Appeals generally declines to dismiss appeals for failing to timely move to compel the clerk to file the notice of completion of the record unless the rule violation (either by itself or combined with other violations) is egregious, is in bad faith, or prejudices the appellee. *Moore*, 796 N.E.2d at 766, 767 (declining to dismiss an appeal where the appellant failed to timely move to compel completion of the record based on the court's "preference that [it] apply

an ameliorative approach to remedy failures by the parties to provide a complete record upon appeal" and because there was no prejudice to the appellee, but warning that "[h]ad a long delay resulted because of the State's failure to act, dismissal may have been warranted"); *see also Putnick v. Putnick*, No. 18A-DC-2674, 2020 WL 2603337, at \*2 n.2 (Ind. Ct. App. May 22, 2020) (mem.) (explaining that "the motions panel reinstated [Husband's] appeal," even though Husband "fail[ed] to timely file a motion to compel completion of the trial court clerk's record," because Husband's inaction was "due to inadvertence as opposed to a willful disregard of the appellate rules"); *Lucas v. Lucas*, No. 70A01–1408–DR–332, 2015 WL 1275458, at \*4 (Ind. Ct. App. Mar. 19, 2015) (mem.) (declining to dismiss an appeal where the appellant failed to timely move to compel the notice of the completion of the transcript because the appellant nevertheless filed the appellant's brief on time, and the courts prefer "to decide cases upon their merits" where there is no "flagrant violation of the appellate rules, and there has not been a failure to make a good faith effort to substantially comply with those rules" (quotations omitted)); *Griffith v. State*, No. 35A02-1003-PC-394, 2010 WL 3588621, at \*2 (Ind. Ct. App. Sept. 16, 2010) (mem.) (declining to dismiss an appeal notwithstanding the appellant's untimely motion to compel the completion of the clerk's record because there was no prejudice to the appellee and the court prefers to decide cases on their merits); *Lutterbach v. Lutterbach*, No. 65A01–0812–CV–576, 2009 WL 3517999, at \*2 (Ind. Ct. App. Oct. 30, 2009) (mem.) (declining to dismiss the appeal where the appellant failed to timely move to compel the completion of the record based on the court's preference to decide cases on their merits).

Again, we hold that the Court of Appeals' typical approach is the correct one under our rules. And because we are simply approving the approach the Court of Appeals typically takes, we do not share the concern in the concurring opinion that this standard will prove unworkable. Our holding is also consistent with how we review other types of discretionary decisions to impose harsh sanctions for rule violations. *See, e.g., State v. Lyons*, 211 N.E.3d 500, 502 (Ind. 2023) (holding that "before excluding evidence as a Trial Rule 37 discovery sanction, a trial court must find that (1) the exclusion is the sole remedy available to

avoid substantial prejudice, or (2) that the sanctioned party's culpability reflects an egregious discovery violation"); *Wright v. Miller*, 989 N.E.2d 324, 328 (Ind. 2013) (explaining that "while the trial courts generally fashion progressive sanctions leading up to a dismissal or default judgment when it is possible to do so, imposing intermediate sanctions is not obligatory when a party's behavior is particularly egregious" (quotations omitted)).

Here, because the clerk failed to file the notice of completion by September 11, 2023, Mayberry was supposed to move to compel by September 18,[1] but he failed to do so. App. R. 10(F). Based on his oversight, the Court of Appeals *sua sponte* dismissed his appeal on October 11, but it did not find that there was any prejudice to American Acceptance, that the delay was egregious, that Mayberry was acting in

---

[1] The concurring opinion would instead decide this appeal by holding that any amendment to a notice of appeal resets all appellate deadlines that are triggered by the notice, so amending the notice here to clarify which transcripts were requested also extended the deadline for the trial court clerk to compile the record. For two reasons, we decline to decide this appeal on that basis, leaving for another day the question of which, if any, deadlines are reset when an appellant amends the notice of appeal. First, as the concurring opinion acknowledges, the Appellate Rules do not expressly provide for this reset, *post*, at 1, and we do not agree with the concurring opinion's premise that the record, transcript, and briefing deadlines are so intertwined that changing the notice necessarily changes the deadline for them all, *id.* at 2. This case illustrates why that view is mistaken—amending the notice of appeal to clarify for the court reporter which transcripts to prepare did not impact the clerk's task of compiling the record, so extending the court reporter's deadline did not require also extending the clerk's deadline. And our Appellate Rules expressly permit extending either of the deadlines for completing the record or the transcript without extending the other. App. R. 10(E) (authorizing the trial court clerk to seek an extension of time to complete the clerk's record without mentioning any corresponding extension of time for the court reporter); App. R. 11(C) (authorizing the court reporter to seek an extension of time without mentioning any corresponding extension of time for the trial court clerk). Second, the concurring opinion's proposed holding recognizing an automatic deadline reset would not only cover Appellate Rule 10(F), but also every other rule that uses the notice as a deadline trigger. And the ramifications of that approach are not entirely clear. For example, parties sometimes unilaterally amend their notice of appeal, and we are not yet prepared to hold that if, say, a party amends the notice to add a previously omitted attachment, to correct a party's name or contact information, or to clarify the basis for appellate jurisdiction, that those amendments necessarily extend all deadlines flowing from the notice. We instead settle on the narrower, more cautious route of resolving this appeal by simply approving the approach the Court of Appeals typically takes when evaluating dismissal under Appellate Rule 10(F).

bad faith, or that there was any other good reason to dismiss the appeal. Nor could there be.

Roughly two weeks after Mayberry filed his Notice of Appeal, the court reporter filed a Verified Motion for Order Clarifying Dates Requested for Appeal or Amended Notice of Appeal, noting that Mayberry did not identify the hearing dates that needed transcribing. The Court of Appeals granted the court reporter's motion on August 30, and Mayberry filed an Amended Notice of Appeal on September 21. The court reporter's transcript therefore wasn't due until November 6, 2023. *See* App. R. 11(B); App. R. 25(A). And assuming the court reporter filed the transcript on that date, Mayberry's appellant's brief would have been due on December 6, 2023. *See* App. R. 45(B)(1). So the Court of Appeals *sua sponte* dismissed Mayberry's appeal almost two months before his opening brief was even due.

That dismissal exceeded the Court of Appeals' discretion because Mayberry's failure to move to compel did not delay the appeal, was not in bad faith or otherwise an egregious procedural violation, and did not prejudice the appellee. We therefore reinstate the appeal.

## Conclusion

For these reasons, we grant transfer, vacate the Order dismissing this appeal, and remand to the Court of Appeals.

Rush, C.J., and Massa, J., concur.
Slaughter, J., concurs in the judgment with separate opinion in which Goff, J., joins.

APPELLANT PRO SE
Timothy Mayberry
Michigan City, Indiana

ATTORNEY FOR APPELLEE
Julia M. Andrews
Bleecker, Brodey & Andrews
Indianapolis, Indiana

**Slaughter, J., concurring in the judgment.**

I agree with the Court that we should remand this case to the court of appeals to decide the merits of Mayberry's appeal. Unlike the Court, I would remand because Mayberry did not violate our appellate rules, so the appellate court should not have dismissed his appeal. Instead, the Court proceeds as if Mayberry did violate our rules but affords him relief anyway by forging a new rule that makes it harder to dismiss non-compliant appeals. Because the Court's newly minted dismissal rule does not follow from our appellate rules, I cannot join its opinion.

A

To begin, Mayberry did not violate our appellate rules, so his appeal was never "subject" to dismissal. Ind. Appellate Rule 10(F). Appellate Rule 10(C) sets the deadline for the clerk to file a notice of completion of clerk's record. If the clerk misses that deadline, Rule 10(F) requires the appellant to move the court of appeals to compel the clerk to file the notice. An untimely motion to compel, according to the rule, "shall subject the appeal to dismissal." *Ibid.* The court of appeals in this case dismissed Mayberry's appeal with prejudice on October 11, 2023. The dismissal was based on Mayberry's supposedly having missed the deadline to compel the clerk to file the notice of completion of clerk's record.

But Mayberry did not miss the deadline. On August 30, at the court reporter's request, the court of appeals ordered Mayberry to file within thirty days an amended notice of appeal and to specify which trial-court hearings he wanted transcribed. Mayberry did as the appellate court ordered and timely filed his amended notice (with hearing dates) on September 21. Yet on October 11, the court dismissed Mayberry's appeal anyway, referencing only Mayberry's earlier August notice of appeal and not his operative, later-filed September notice.

In my view, the appellate court's August 30 order extended the due dates to October 23 for filing the clerk's record and to October 30 for filing the motion to compel. To be sure, neither this order nor the appellate rules state expressly whether an amended notice affects the clerk's deadline for filing the record. But the rules themselves imply they affect the deadline.

Indeed, the deadlines for the clerk's record, transcript, and appellate briefing are all interconnected and flow from the notice of appeal, directly or indirectly. See App. R. 10(B) (clerk's-record deadline calculated from notice of appeal); App. R. 11(B) (transcript deadline calculated from notice of appeal); App. R. 45(B)(1) (appellant's-brief deadline calculated from notice of completion of clerk's record or transcript, whichever is later). Changing the deadline for the notice, without more, also changes the deadlines for the other filings.

That is why, in my view, the appellate court's August 30 order directing Mayberry to file an amended notice of appeal, which he did, extended the related appellate filing deadlines, including the deadline he allegedly missed here. To be sure, the court could have ordered Mayberry to follow the original deadlines flowing from his first notice of appeal. But it did not. Absent that directive, I would hold the court's order for an amended notice of appeal extended the related appellate deadlines. Thus, I would hold the appellate court abused its discretion in dismissing Mayberry's appeal for "noncompliance" with our appellate rules.

B

Our Court takes a different path. Rather than finding that Mayberry violated no rule, our Court fashions a multifactor test to cabin the appellate court's discretion to dismiss an appeal for violating Rule 10(F). The Court says a Rule 10(F) violation should lead to a dismissal only "where the appellant does not act in good faith, where the rule violation . . . is egregious, or where the appellee is prejudiced." *Ante*, at 2.

In my view, this test both sets the bar for dismissal too high by insulating clear rule violations from dismissal and will prove unworkable in practice. Nowhere does the Court explain the difference between a good- or bad-faith Rule 10(F) violation, leaving it unclear when a rule violation prejudices the appellee. Nor, for that matter, do I know what an "egregious" rule violation is—or how it differs from a violation that is merely "innocuous", whatever that means in this context. Indeed, the cases the majority cites from our Court offer little guidance. Those cases discuss "egregious" violations under our trial rules, not under the appellate rules generally or the specific appellate rule at issue here. *Id.* at

5–6 (citing *State v. Lyons*, 211 N.E.3d 500, 502 (Ind. 2023) (Trial Rule 37); *Wright v. Miller*, 989 N.E.2d 324, 328 (Ind. 2013) (Trial Rule 41(E)). How cases addressing "egregious" behavior in a different court under different rules are meant to guide our appellate court is unclear.

The Court may be right that our court of appeals "typically" resolves similar cases under today's test. *Id.* at 5. But that is, of course, its prerogative. I agree with the Court that we review dismissal decisions under Rule 10(F) for an abuse of discretion. *Id.* at 4. But curbing that discretion based on how many or most appellate panels exercise that discretion strikes me as unwarranted.

I would hold, instead, that the appellate court has broad discretion to exercise its dismissal prerogative in either direction. If the court opts to excuse an untimely or belated motion to compel, it has ample discretion to do so. The reverse is also true. If the court prefers to be a stickler and insist on strict compliance with Rule 10, that too falls within its broad discretion. Thus, I would conclude that the court of appeals does not abuse its discretion if it dismisses an appeal for failure to comply with a rule that says noncompliance "shall subject the appeal to dismissal."

\*     \*     \*

For these reasons, I concur in the Court's judgment but do not join its opinion.

Goff, J., joins.